Robert B. Carey (*Pro Hac Vice pending*)
Leonard W. Aragon (*Pro Hac Vice pending*)
Rachel E. Freeman (*Pro Hac Vice pending*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
leonard@hbsslaw.com
rachelf@hbsslaw.com

Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

Attorneys for Plaintiffs

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHCHAAROAH LIGHTBOURNE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PRINTROOM, INC., PROFESSIONAL PHOTO STOREFRONTS, INC. and BRAND AFFINITY TECHNOLOGIES, INC., <br><br> Defendants. | No. **SACV 13 - 00876 JVS (RNBx)** <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, through his attorneys, based on his individual experiences, the investigation of Counsel, and on information and belief, alleges:

## I.    INTRODUCTION

1.    This suit arises out of National Collegiate Athletic Association ("NCAA") student-athlete images being sold or affixed to merchandise sold by Defendants on the internet. Defendants, through the website Printroom.com, conspire with numerous colleges and universities that participate in the NCAA ("NCAA member institutions") to market and sell thousands of photos of active and former collegiate athletes without offering compensation to or obtaining consent from these student-athletes. Specifically, NCAA member institutions permit Defendants to use archival photographs of student-athletes and to use the institutions' trademarks despite strict NCAA rules which explicitly prohibit NCAA member institutions from commercially exploiting the names, images, and likenesses of NCAA student-athletes. Defendants then offer these photos for sale on their website, collecting the proceeds of the sales and keeping a "commission" and "processing fee" for themselves. Defendants frequently use the student-athletes' photos to generate sales of other expensive merchandise, like commemorative frames—again, without the student-athletes' consent. Through this commercial exploitation of NCAA student-athlete images, Defendants derive large profits for themselves and the cooperating NCAA member institutions.

2.    This is a proposed class action on behalf of all current and former NCAA student-athletes whose names, images, and likenesses, in the form of photographs, have been used without their consent on products, merchandise, and/or goods sold by Defendants and/or have been used by Defendants for the purpose of advertising, selling, or soliciting purchases of products, merchandise, goods, or services.

CLASS ACTION COMPLAINT                                   - 1 -

010123-11 301644 V1

## II.   PARTIES

3.     Plaintiff Yahchaaroah Lightbourne (formerly known as Yahchaaroah Stuart), an individual, is a resident of El Paso County, Texas and a former football player at the University of Texas at El Paso ("UTEP").

4.     Defendant Printroom, Inc. (now known as Professional Photo Storefronts, Inc.) is a Delaware corporation headquartered at 2520 Mission College Blvd., Suite 102, Santa Clara, California 95054.

5.     Printroom, Inc. was established in 1999 to serve the needs of professional photographers by providing them backend printing, sales, and support. Over time, it expanded its business into the "fan photography" market as well, serving various celebrities, sports teams, and other clients by displaying and selling photographs of entertainers, athletes, and other public figures to fans via its website, Printroom.com.

6.     As part of its "fan photography business," Printroom, Inc. hosts official online photo stores for numerous NCAA member institutions, including but not limited to, the University of Tennessee, University of Arizona, Oregon State University, Penn State, Georgetown University, University of Southern California, University of Indiana, and the University of Texas at El Paso.

7.     With the willing cooperation of these member institutions, Printroom, Inc. offers for sale to the public images of NCAA student-athletes, without their consent, through its website Printroom.com.

8.     On or about October 25, 2012, Printroom, Inc. sold its "fan photography business and intellectual property" to Defendant Brand Affinity Technologies, Inc. ("BAT"), a corporation existing under the laws of Delaware, with its principal place of business located at 101 Academy, Suite 110, Irvine, California 92617.

9.     According to its website, BAT now "manages and hosts the official photo marketplaces" of participating NCAA member institutions. BAT offers

CLASS ACTION COMPLAINT

1     services to major brands and sporting leagues by providing a 360 degree fan-centric

2     experience for fans to view, share, and organize their most memorable event

3     experiences through the power of digital media, online and offline.

4         10.     For the sale of its fan photography assets and associated intellectual

5     property, Printroom, Inc. changed its name to Professional Photo Storefronts, Inc.

6     ("PPSI"). On information and belief, PPSI, as Printroom, Inc. before it, is also a

7     Delaware corporation headquartered at 2520 Mission College Blvd., Suite 102, Santa

8     Clara, California 95054. References to PPSI refer to both PPSI and Printroom, Inc.

9         11.     At present, on information and belief, the website Printroom.com is

10     managed by both Defendant PPSI and Defendant BAT during PPSI's "transition"

11     back to focusing exclusively on services for professional photographers.

12         12.     Collectively Defendants PPSI and BAT are referred to as "Printroom."

13               **III.    JURISDICTION AND VENUE**

14         13.     This Court has diversity jurisdiction over this action under 28 U.S.C.

15     § 1332(a) and (d) because the amount in controversy for the Class exceeds

16     $5,000,000, and Plaintiff and other putative Class members are citizens of a different

17     state than Defendants.

18         14.     This Court has personal jurisdiction over the Plaintiff because Plaintiff

19     Lightbourne submits to the Court's jurisdiction.

20         15.     This Court has personal jurisdiction over Defendants.

21         16.     Defendant BAT is headquartered in Irvine, California and conducts or

22     conducted substantial business in this District.

23         17.     Defendant Printroom, Inc. is or was headquartered in Santa Clara,

24     California and conducts or conducted substantial business in the State of California.

25         18.     Defendant PPSI is also headquartered in Santa Clara, California and

26     conducts or conducted substantial business in the State of California.

27

28

CLASS ACTION COMPLAINT

1    19.    In addition, on information and belief, both Defendants BAT and PPSI

2   have sold images of NCAA student-athletes within this District and have offered for

3   sale the images of NCAA student-athletes located within this District.

4    20.    Both Defendants BAT and PPSI have conspired with NCAA member

5   institutions located within this District to exploit and profit from NCAA student-

6   athlete images. Specifically, on information and belief, Defendants have conspired

7   with the University of Southern California, Pepperdine University, and Loyola

8   Marymount University.

9    21.    Finally, personal jurisdiction over Defendant PPSI is appropriate

10   because of its ongoing relationship with Defendant BAT as manifested by the joint

11   management of Printroom.com.

12    22.    Venue is proper in this District under 28 U.S.C. § 1391 because

13   Defendants, as corporations, are "deemed to reside in any judicial district in which

14   they are subject to personal jurisdiction," and because of Defendants' numerous

15   contacts with this District described in the preceding paragraphs.

16   **IV.    UNLAWFUL CONDUCT COMMON TO THE CLASS**

17   **A.    Defendants, With The Cooperation Of NCAA Member Institutions,**
18   **Display And Sell NCAA Student-Athlete Photos Through Their**
     **Printroom.com Website**
19

20    23.    Through their website Printroom.com, Defendants display, market, and

21   offer for sale literally thousands of photographs of NCAA current and former

22   student-athletes without the consent of those athletes.

23    24.    Among other services, Defendants provide online platforms, called

24   "storefronts," for an array of photographers, celebrities, sports teams, and other

25   clients. These storefronts exist on the Printroom.com website—as unique

26   webpages—and are customized so that each "store" features a team or client's

27

28

CLASS ACTION COMPLAINT

1  photographs (of student-athletes with whom Defendants have no relationship) and

2  other team or client-specific logos and text.

3      25.    On information and belief, Printroom.com clients provide Defendants

4  with the photographs that appear on the individual Printroom.com storefronts.

5  Defendants display these photographs online and offer them for sale—often with

6  related merchandise—to the public. Defendants then take a sizeable cut of the

7  proceeds of the sales for themselves.

8      26.    Printroom.com organizes its galleries of NCAA student-athlete photos

9  into individualized online storefronts by school. Photo galleries go back several

10  years depending on the school and sport and contain images taken during actual

11  NCAA games and events. These galleries (or storefronts) are regularly updated and

12  frequently contain images from contests that took place just days prior. The galleries

13  also offer for sale images of student-athletes who no longer play for an NCAA

14  member institution (due to having graduated or otherwise).

15      27.    On information and belief, CBSSports.com ("CBS Sports") (which on

16  information and belief is a division of CBS Interactive, which is a division of CBS

17  Corp.) produces, manages, and hosts the official athletic websites—including the e-

18  commerce components—of numerous NCAA member institutions. CBS Sports, with

19  the consent of its NCAA member institution clients, uses Printroom.com to create

20  individual photo storefronts on the Printroom.com website for each of its NCAA

21  member institution clients. Defendants maintain the school-specific storefronts and

22  manage the sales of photos off each school's page. Defendants process orders placed

23  on the storefront webpages, print the photos, and deliver the photos and/or

24  merchandise to the end customer.

25      28.    In all, dozens of NCAA member institutions have utilized

26  Printroom.com to unlawfully display, market, and profit from the sale of student-

27  athlete photographs through these member institution-specific storefronts. A full list

28

CLASS ACTION COMPLAINT

of NCAA member institutions that have conspired with Defendants can be found on Printroom.com and is attached as Exhibit A. NCAA member institutions that have, on information and belief, permitted Defendants to sell student-athlete photographs—or knowingly failed to prevent such sales—are indicated by the phrase "Photo Archive" directly below their name. For purposes of this complaint, these NCAA member institutions are referred to as "Conspiring Schools."

29.    University of Texas at El Paso is an example of a Conspiring School. Its Printroom.com storefront can be found at: http://utepschoolphotos.printroom.com/default.asp?-rtype=CBS-Direct (last visited June 6, 2013). A copy of the "home page" of the storefront is attached hereto as Exhibit B. The webpage is described as the "UTEP Official Miners Photo Store" and prominently displays UTEP's trademarks, while advertising "professional photos" of student-athletes from "our vast archives."

30.    Printroom.com permits consumers who have entered a Conspiring School's storefront to browse and view photo archives by sport and year. On UTEP's "Official Miners Photo Store" images of student-athletes in the following sports are available for purchase: football, men's basketball, women's basketball, women's volleyball, women's soccer, cross country, softball, women's tennis, track, women's golf, and men's golf. After selecting a sport through a drop-down menu, potential customers can view galleries by year and game/event.

31.    Photo descriptions often, if not invariably, contain the student-athlete's full name and the storefronts allow visitors to search specific athletes by name. For example, the UTEP storefront contains a text box in the upper right corner for searching the UTEP galleries that indicates the user can search by "event" or "name."

32.    Below are examples of student-athlete photographs blatantly offered for sale on Printroom.com through various NCAA member institution storefronts. As

CLASS ACTION COMPLAINT

1  can be seen in these examples, the photographs are clearly labeled with the names
2  and schools of NCAA student-athletes:

<u>Figure I</u>



Caption: "Arizona State's Marion Grice runs for a touchdown past Arizona's Sir Thomas Jackson (53). (AP Photo/Wily Low)"
Source:http://www.printroom.com/ViewGalleryPhoto.asp?evgroupid=0&userid=ArizonaStateSchoolPhotos&gallery_id=3185499&image_id=5&pos=6 (last visited June 6, 2013).

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

CLASS ACTION COMPLAINT

Figure II



**Caption:** "Stanford's Jeanette Pohlen (23) defends against Arizona State's Danielle Orsillo (13) as she gets off a shot during the second half of an NCAA college basketball game Thursday, Feb. 25, 2010, in Tempe, Ariz. Stanford defeated Arizona State 62-43."
Source:http://www.printroom.com/ViewGalleryPhoto.asp?evgroupid=0&userid=ArizonaStateSchoolPhotos&gallery_id=3086263&image_id=1&pos=2 (last visited June 6, 2013).

33.    Defendants do not discriminate in selecting which players' images to display and market. From a team's top star to its last person off the bench, all student-athletes are at risk of seeing their names and photographs displayed and sold by Defendants.

////
////
////
////
////
////

34.   In addition, storefronts often contain a selection of "best sellers." Below is an example of a "best seller" photograph from UTEP's storefront:

### Figure III



**Caption: "Randy Culpepper"**

Source:http://www.printroom.com/ViewFolderPhoto.asp?evgroupid=0&userid=UTEPSchoolPhotos&folder_id=69623&fimage_id=3&scount=4 (last visited June 6, 2013).

35.   The above photograph is available in various sizes ranging from a 5-by-7 inch print for $11.99 to a "Ready to Hang Premium Canvas" for $89.99.

////
////
////
////
////
////
////

CLASS ACTION COMPLAINT

36.     Nor do Defendants limit their use and sales of student-athlete images to schools with official storefronts on Printroom.com. To the contrary, photographs of student-athletes from dozens of universities that have no apparent relationship with Printroom.com also appear for sale on Printroom.com. The University of North Carolina, for example, has no storefront with Printroom.com. Yet, below is an image of Reggie Bullock from the University of North Carolina basketball team appearing for sale in a Wake Forest Printroom.com gallery:

<u>Figure IV</u>



**Caption:** "North Carolina's Reggie Bullock blocks a shot by Wake Forest's C.J. Harris. (AP Photo/Chuck Burton)"

Source:http://www.printroom.com/ViewGalleryPhoto.asp?evgroupid=0&userid=WakeForestSchoolPhotos&gallery_id=3107240&image_id=2&pos=3 (last visited June 6, 2013).

37.     By hosting the official "photo stores" of the Conspiring Schools, Defendants, with the knowledge and cooperation of Conspiring Schools, attract NCAA fans to its website with images of student-athletes and then use the photo storefronts to target these fans with additional merchandise containing images of student-athletes. These related products include, but are not limited to, frames,

CLASS ACTION COMPLAINT

premium canvases, calendars, and greeting card sets that feature photographs of NCAA student-athletes. Prices vary but range from $11.99 for a 5-by-7 inch print to $199.99 for a 2-by-3 foot "Ready to Hang Premium Canvas." Electronic images of student-athletes may be downloaded by the purchaser for $39.99.

38.    Set forth below are examples of the types of additional merchandise that Defendants offer for sale on the school-specific storefronts:

<u>Calendar</u> (Figure V)



Caption: "Christy Longacre vs. Duke - Oct. 14, 2012"
Source:http://www.printroom.com/ViewFoundPhoto.asp?userid=OldDominionSchoolPhoto
s&group_id=0&stype=0&sword=christy&tcount-=8&scount=3&scount=3 (last visited June 6, 2013).

1

## Regular Frame (Figure VI)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17



18

19    ////

20    ////

21    ////

22    ////

23    ////

24    ////

25    ////

26    ////

27    ////

28

Caption: "Cody Zeller (40)"
Source:http://www.printroom.com/ViewFolderPhoto.asp?evgroupid=0&userid=IndianaSch
oolPhotos&folder_id=31350&fimage_id=3&scount=4 (last visited June 6, 2013).

CLASS ACTION COMPLAINT

| | |
|---|---|
| 1 | |
| 2 | |

## Coin Frame (Figure VII)




**Caption:** "Ross Ripple winds up to pith [sic] during the baseball game between the Georgia Bulldogs and the Kentucky Wildcats at Foley Field in Athens, Ga., Saturday, March 31, 2012. (Evan Stichler, evansan8@gmail.com)"

Source:http://www.printroom.com/ViewFoundPhoto.asp?userid=GeorgiaSchoolPhotos&group_id=0&stype=0&sword=ripple&tcount=8&scount=2 (last visited June 6, 2013).

////

////

////

////

////

////

CLASS ACTION COMPLAINT

**Diploma Frame (Figure VIII)**



**Caption:** "Morgan Cormier vs. USF Courtyard Midtown Classic"
Source:http://www.printroom.com/ViewFoundPhoto.asp?userid=NCStateSchoolPhotos&group_id=0&stype=0&sword=morgan&tcount=9&scount=2 (last visited June 6, 2013).

**B.   NCAA Member Institutions Conspire With Defendants To Permit Sale Of Photos Of Student-Athletes Without Their Consent Even Though Doing So Breaches NCAA Rules**

39.   Conspiring Schools, like UTEP, permit Defendants to sell photographs of their student-athletes and use student-athletes' names for commercial purposes even though doing so clearly violates Conspiring Schools' own obligations as embodied in the NCAA's rules.

40.   NCAA Rule 12.5.2 prohibits NCAA student-athletes from permitting the use of their "name[s] or picture[s]" to "advertise, recommend or promote directly

CLASS ACTION COMPLAINT

- 14 -

1 the sale or use of a commercial product or service of any kind." Similarly, a member

2 institution violates the NCAA rules when, without a student-athlete's knowledge or

3 consent, it uses or permits the use of a student-athlete's name or picture to

4 "advertise, recommend or promote directly the sale or use of a commercial product

5 or service of any kind." This same rule also requires student-athletes and/or NCAA

6 member institutions "to take steps to stop such activity" when it occurs without the

7 "knowledge or permission" of the student-athlete.

8     41.   The Conspiring Schools have blindly ignored their obligation to prevent

9 exploitation of their student-athletes at their own hands and to halt others from doing

10 so. They have also violated their legal duty to not use their student-athletes' names or

11 photographs on commercial products without obtaining consent. Instead, with the

12 cooperation of Defendants, and in violation of the duties they owe to their student-

13 athletes, they have used student-athlete names and photos to sell various products

14 and merchandise and to promote Defendants' business without the student-athletes'

15 consent.

16     42.   Many Conspiring Schools actively participate in the promotion of the

17 images, directly linking to Printroom.com storefronts from their athletic department

18 homepages. On the University of Virginia's official athletic website,

19 www.virginiasports.com, visitors who read various game recaps are encouraged—by

20 a blinking red flag—to "Buy This Photo." Clicking this flag then takes the visitor

21 directly to the following link on Printroom.com: http://www.printroom-

22 .com/ViewGalleryPhoto.asp?userid=VirginiaSchoolPhotos&gallery_id=3240995&i

23 mage_id=8 (last visited June 6, 2013).

24     43.   In furtherance of this conspiracy, on information and belief, the

25 Conspiring Schools have (i) permitted the use of their trademarks by Defendants, (ii)

26 permitted the sale of products containing their trademarks by Defendants, (iii)

27 granted access to and use of photographic archives, (iv) permitted Defendants to use

28

CLASS ACTION COMPLAINT

images of student-athletes to promote Defendants' "fan photography" business generally and its sale of various types of school-specific merchandise specifically, and (v) shared and reinvested the profits of the conspiracy in continued misappropriations.

44.    In addition, the Conspiring Schools have refrained from taking steps to halt the illegal use of its student-athlete names, images, and likenesses despite being obligated to do so by NCAA Rule 12.5.

45.    On information and belief, the only exception is Florida State University ("FSU"), which caused Defendants to shutter its storefront. FSU took this action only after it was served with a public records request by undersigned Counsel. FSU's decision to pull its storefront confirms the illegality of Defendants' actions.

46.    On information and belief, Defendants know of the relevant NCAA rules.

47.    Not only do Defendants tout their dominance in the NCAA "fan photography" market, but their own website warns that NCAA rules do not permit student-athlete images to be offered commercially.

48.    For example, one of Defendants' clients, L&B Photography, has a note on its Printroom.com page stating:

> Per NCAA rules and regulations all pictures, images or likenesses thereof of college athletes and teams may not be used for commercial advertising, product promotion or other commercial enterprises. Violators will be prosecuted! This is required to protect the eligibility of all players and teams for NCAA competition.

*L&B Photography*, PRINTROOM.COM, http://www.printroom.com/GHome_main.asp?-domain_name=LB_Photography&group_id=64 (last visited June 6, 2013). The footer on this webpage states: "Copyright Professional Photo Storefronts, Inc., licensee of Brand Affinity Technologies."

CLASS ACTION COMPLAINT

49.     The existence of the NCAA rules—of which Defendants are aware—mean that NCAA student-athletes cannot consent to the sale of their photographs on Defendants' website. Doing so would make them ineligible to participate in NCAA athletic events, and of course, would lower the value of their images to Defendants.

**C.     Neither Defendants Nor Conspiring Schools Have Obtained Student-Athletes' Consent To Sell Their Images**

50.     Defendants display and offer for sale images of certain student-athletes, such as Plaintiff, without written consent (or any consent whatsoever). Moreover, at no point do Defendants compensate any student-athletes for the use of their names, images, and likenesses for commercial gain.

51.     Plaintiff Lightbourne's experience is typical of Defendants' treatment of NCAA student-athletes.

52.     Plaintiff played as a defensive lineman for the UTEP Miners football team, joining the program in 2010 as a junior. In his first year with the Miners, he recorded eight tackles and two quarterback hurries in twelve games. His best statistical performance of the season came against University of Alabama Birmingham on October 16 when he made three tackles, including a sack. As a senior in 2011, Plaintiff continued to contribute on defense, finishing with four tackles and a forced fumble over seven games.

53.     Plaintiff majored in multidisciplinary studies and played football at UTEP, finishing his collegiate career in 2011. He went on to play professionally, signing a contract with the Wyoming Cavalry of the National Indoor Football League, for whom he still plays. As a professional athlete, Plaintiff earned and continues to earn money from the use of his name, image, and likeness.

54.     Acting without Plaintiff's consent, Defendants displayed and sold, and continue to display and sell, images of Plaintiff taken when he was still in college. Here are some examples:

CLASS ACTION COMPLAINT

**Figure IX**



Caption: "Yahchaaroah Lightbourne (97). Photo by Ivan Pierre Aguirre"
Source:http://www.printroom.com/ViewFoundPhoto.asp?userid=UTEPSchoolPhotos&stype=0&s
word=lightbourne&group_id=0 (last visited June 6, 2013).

**Figure X**



Caption: "Yahchaaroah Lightbourne (97)"
Source:http://www.printroom.com/ViewGalleryPhoto.asp?evgroupid=0&userid=UTEPSchoolPhot
os&gallery_id=3099114&image_id=48&pos=49 (last visited June 6, 2013).

CLASS ACTION COMPLAINT

55. Plaintiff never granted Defendants the rights to exploit his name, image, or likeness commercially.

56. Nor did Plaintiff grant these rights to UTEP or to any company that manages the online display and/or sale of photos of UTEP sporting events.

57. Nonetheless, Defendants displayed and offered photographs of Plaintiff in his UTEP uniform for sale without informing him or sharing in any profits. The photographer who took the photo of Plaintiff (See Figure IX, *supra*), Ivan Pierre Aguirre, holds himself out to be, and on information and belief is, a photographer for the UTEP athletics program. LINKEDIN.COM, http://www.linkedin.com/pub/ivan-pierre-aguirre/5b/4b2/1a (last visited June 6, 2013). Likewise, Evan Stichler, the photographer who took the photo of Ross Ripple (See Figure VII, *supra*), holds himself out to be, and on information and belief is, a photographer for the University of Georgia athletics program. LINKEDIN.COM, http://www.linkedin.com/pub/evan-stichler/31/b86/901 (last visited June 6, 2013). The photos depicted in Figures I and IV, *supra*, were taken by Wily Low and Chuck Burton, respectively, who hold themselves out to be, and on information and belief are, photographers for the Associated Press. LINKEDIN.COM, http://www.linkedin.com/pub/chuck-burton/a/b09/203 (last visited June 6, 2013). According to its website, the Associated Press "is an essential source of photos and graphics for professional image buyers and commercial customers." *Photos*, AP.ORG, http://www.ap.org/products-services/photos (last visited June 6, 2013).

58. In displaying and offering for sale images of Plaintiff, Defendants misappropriated Plaintiff's right of publicity and jeopardized his NCAA eligibility.

59. On information and belief, Defendants do not obtain consent from the other thousands of NCAA student-athletes whose images they have displayed and offered for sale.

CLASS ACTION COMPLAINT

60.     Indeed, given that eligibility for a student-athlete is premised on the student-athlete (or NCAA member institution) taking steps to halt use of the student-athlete's image on commercial products, and given that the student-athletes do not profit from Defendants' sale of their images, it is patently absurd to think that the student-athletes—who have everything to lose and absolutely nothing to gain from their names, images, and likenesses being sold on the internet—would consent to use of their images in such a fashion.

61.     The lack of student-athlete consent is also obvious by the nature of the various images offered for sale. The image referred to in paragraph 36 above, for example, depicts C.J. Harris having his shot blocked by an opposing player, and was obviously not authorized by him.

62.     To the extent such consent is obtained from the student-athletes by Conspiring Schools, it is void because it would have been obtained in violation of NCAA Rule 12.5 that is contractually binding on all NCAA member institutions and prohibits the commercial exploitation of student-athlete images, as alleged above. Likewise, the Conspiring Schools did not receive consent by virtue of any NCAA form signed by the student-athletes.

63.     Moreover, even if the Conspiring Schools and their student-athletes consented to the use of the student-athletes' names, images, and likenesses by Defendants on merchandise and for the purpose of selling merchandise, Defendants do not limit photographs of student-athletes to those that play for NCAA member institutions with Printroom.com storefronts. (*See* ¶ 36, *supra*.)

## V.     INJURY TO CLASS MEMBERS AND PLAINTIFF

64.     A student-athlete's name, image, and likeness compose part of that individual's right of publicity and represent an extremely valuable proprietary interest. Licensees pay large sums of money for the right to use NCAA trademarks in products that also include the names, images, and likenesses of collegiate athletes.

CLASS ACTION COMPLAINT

1    Individual and group licenses typically provide compensation to athletes in exchange

2    for permitting third parties to attach their names, images, and likenesses to a host of

3    products and services.

4        65.    On and off the field, collegiate athletes provide a major financial boon

5    to the universities they suit up for. A joint study conducted by Drexel University

6    Department of Sport Management and the National College Players Association

7    determined that the fair market value of the average top level football and basketball

8    player was $121,048 and $265,027, respectively. Football players at the University

9    of Texas were appraised at $513,922 on average, while Duke University men's

10   basketball players were found to be worth over a million dollars apiece.

11       66.    The demand for player photographs and merchandise is robust, though,

12   and money is rarely left on the table when it comes to exploiting student-athlete

13   names, images, and likenesses. Instead of going directly to the players, revenue from

14   the commercial exploitation of their names and photographs is shared between

15   Defendants and the NCAA member institutions with whom they have conspired.

16   **VI.    COMMON COURSE OF CONDUCT EMANATING FROM**
        **CALIFORNIA**
17

18       67.    Defendant BAT is headquartered in Irvine, California and is therefore a

19   California resident and citizen.

20       68.    Defendant PPSI is headquartered in Santa Clara, California and

21   therefore is a California resident and citizen. Defendant Printroom, Inc. was or is

22   similarly headquartered in Santa Clara, California and therefore was or is a

23   California resident and citizen.

24       69.    As California residents and citizens, Defendants are subject to

25   California laws.

26       70.    On information and belief, the primary executives responsible for the

27   design and management of Printroom.com reside in California, and developed and

28

CLASS ACTION COMPLAINT

1   implemented their plan to unlawfully sell the images of NCAA student-athletes in

2   California.

3       71.    Recognizing the applicability of California law, the Terms of Service

4   contained on Printroom.com require that any legal action be brought in California

5   under California law.

6   ## VII.   CLASS ACTION ALLEGATIONS

7       72.    Plaintiff sues on his behalf and on behalf of a class of persons pursuant

8   to Federal Rule of Civil Procedure 23. The putative Class is defined as:

9           Any current or former NCAA student-athlete who appears in a

10           photograph that was publically available on the website

11           Printroom.com or whose name is used on Printroom.com.

12       73.    Excluded from the Class are Defendants, their employees, co-

13   conspirators, officers, directors, legal representatives, heirs, successors and wholly or

14   partly owned subsidiaries or affiliated companies, Class counsel and their

15   employees, and the judicial officers and associated court staff assigned.

16       74.    The persons in the Class are so numerous that individual joinder of all

17   members is impracticable under the circumstances of this case. Although the precise

18   number of such persons is unknown, the exact size of the Class is easily

19   ascertainable, as each Class member can by identified by using Defendants' records.

20   Plaintiff is informed and believes there are many thousands of Class members.

21       75.    There are common questions of law and fact specific to the Class that

22   predominate over any questions affecting individual members, including:

23           (a)    Whether Defendants display, market, and sell products bearing

24               NCAA student-athlete names, images, and likenesses;

25           (b)    Whether Defendants use NCAA student-athlete names, images,

26               and likenesses for purposes of advertising or selling, or soliciting

            purchases of products, merchandise, goods, or services;

27           (c)    Whether the NCAA student-athletes whose names, images, and

28               likenesses are displayed on Defendants' website have given their

CLASS ACTION COMPLAINT

consent;

(d)   Whether Defendants' use of NCAA student-athletes' names, images, and likenesses is unlawful;

(e)   Whether Defendants' conduct violates California Civil Code § 3344;

(f)   Whether Defendants' conduct constitutes an unfair trade practice;

(g)   Whether Class members have been damaged by Defendants' conduct and the amount of such damages;

(h)   Whether punitive damages are appropriate and the amount of such damages;

(i)   Whether statutory damages are appropriate and the amount of such damages; and

(j)   Whether Defendants should disgorge their unlawful profits and the amount of such profits.

76.   Plaintiff's claims are typical of the Class's claims, as they arise out of the same course of conduct and the same legal theories as the rest of the Class, and Plaintiff challenges the practices and course of conduct engaged in by Defendants with respect to the Class as a whole.

77.   Plaintiff will fairly and adequately protect the interests of the Class. He will vigorously pursue the claims and has no antagonistic conflicts. Plaintiff has retained counsel who are able and experienced class action litigators and are familiar with the commercial market for student-athlete names, images, and likenesses.

78.   Defendants have acted or refused to act on grounds that apply generally to the Class, and final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole. A class action is also appropriate because Defendants have acted and refused to take steps that, on information and belief, would generally apply to and affect thousands of individuals, thereby making injunctive relief appropriate with respect to the Class as a whole.

CLASS ACTION COMPLAINT

79.   Questions of law or fact common to Class members predominate over any questions affecting only individual members. Resolution of this action on a class-wide basis is superior to other available methods and is a fair and efficient adjudication of the controversy because, in the context of this litigation, no individual Class member can justify the commitment of the large financial resources to vigorously prosecute a lawsuit against Defendants. Separate actions by individual Class members would also create a risk of inconsistent or varying judgments, which could establish incompatible standards of conduct for Defendants and substantially impede or impair the ability of Class members to pursue their claims. It is not anticipated that there would be difficulties in managing this case as a class action.

## VIII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Deprivation of Rights of Publicity, Violation of California Civil Code § 3344)

80.   Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

81.   Defendants knowingly and intentionally utilized the names, images, and likenesses of Plaintiff and Class members on or in products, merchandise, and goods without their consent, including but not limited to, framed and unframed prints.

82.   Defendants knowingly and intentionally utilized and continue to utilize the names, images, and likenesses of Plaintiff and Class members for the purpose of advertising, selling, and soliciting purchases of products, merchandise, goods, and services without the consent of Plaintiff and Class members. This includes, but is not limited to, products such as frames and calendars.

83.   This conduct has occurred in and emanated from California, specifically Defendants' headquarters.

CLASS ACTION COMPLAINT

- 24 -

84.    As a result of Defendants' misappropriation of their publicity rights, Plaintiff and class members have been injured and Defendants have received profits attributable to such misappropriation.

**SECOND CAUSE OF ACTION**
**(Violation of Rights of Publicity, California Common Law)**

85.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

86.    Defendants utilized and continue to utilize the names, images, and likenesses of Plaintiff and Class members without their consent and for Defendants' own commercial advantage.

87.    As a result of Defendants' misappropriation of their publicity rights, Plaintiff and Class members have been injured.

**THIRD CAUSE OF ACTION**
**(Violation of the Unfair Competition Act,**
**California Business & Professions Code § 17200 *et seq.*)**

88.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

89.    Defendants' conduct, as alleged above, constituted and constitutes unfair, unlawful, and fraudulent business practices in violation of Section 17200 *et seq.* of the California Business and Professions Code. The conduct is unfair, unlawful, and fraudulent because it violates California Civil Code § 3344.

90.    Defendants' conduct further caused and is causing damage and irreparable injury to Plaintiff and Class members. Plaintiff and Class members are accordingly entitled to disgorgement of Defendants' profits and injunctive relief, plus interest and attorneys' fees, under California Code of Civil Procedure § 1021.5, and request the following injunctive relief: (a) Defendants be ordered to cease and desist from continuing to unlawfully utilize Plaintiff's and Class members' names,

CLASS ACTION COMPLAINT

images, and likenesses and (b) Defendants disgorge all profits obtained from the utilization of Plaintiff's and Class members' names, images, and likenesses.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

91.   Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

92.   To the detriment of Plaintiff and Class members, Defendants have been and continue to be unjustly enriched as a result of the unlawful and/or wrongful conduct alleged herein. Defendants have been unjustly benefited through the sale of images and related products that utilize the names, images, and likenesses of Plaintiff and Class members.

93.   Between Defendants and Plaintiff/Class members, it would be unjust for Defendants to retain the benefits attained by their wrongful actions. Accordingly, Plaintiff and Class members seek full restitution of Defendants' enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

## FIFTH CAUSE OF ACTION
### (Civil Conspiracy)

94.   Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

95.   On information and belief, Defendants, and each of them, have conspired and combined with each other, with the Conspiring Schools and possibly with additional third parties, to use Plaintiff and Class members' names, images, and likenesses without permission, and have achieved a meeting of the minds, through either express or tacit agreement, on an object or course of action of the conspiracy, including depriving Class members of the rights to their names, images, and likenesses.

CLASS ACTION COMPLAINT

1      96.    Defendants formed and operated a civil conspiracy with each other,

2  performing as a part of the conspiracy the numerous overt acts described above in

3  furtherance of the common design to profit from the use of student-athletes' names,

4  images, and likenesses.

5      97.    As a result of the conspiracy, Plaintiff and Class members have been

6  damaged as described above.

7                    **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiff prays for judgment against Defendants:

9      A.    Certification of the action as a Class Action pursuant to the Federal

10  Rules of Civil Procedure, and appointment of Plaintiff as the Class Representative

11  and his counsel of record as Class Counsel;

12      B.    Actual damages, statutory damages, punitive damages, and such other

13  relief as provided by the statutes cited;

14      C.    Disgorgement of all profits earned by Defendants from the sale of

15  photographs and other products containing the names, images, or likenesses of

16  Plaintiff and Class members;

17      D.    Prejudgment and post-judgment interest on such monetary relief;

18      E.    Equitable relief in enjoining future unauthorized use of the names,

19  images, or likenesses of Plaintiff and class members in connection with photos and

20  related products, and declaring null, void, and/or unenforceable any contractual

21  provisions or NCAA rules purporting to limit the right of Plaintiff and Class

22  members to receive compensation for their injuries;

23      F.    Seizure and destruction of all copies of any images in the possession,

24  custody, or control of Defendants or third parties (to the extent permitted by law) that

25  infringe upon Plaintiff's and Class members' rights of publicity;

26      G.    The costs of suit, including reasonable attorneys' fees; and

27

28

CLASS ACTION COMPLAINT

1      H.    All other relief to which Plaintiff and Class members may be entitled at

2   law or in equity.

3                          IX.   JURY TRIAL DEMANDED

4      Plaintiff demands a trial by jury on all issues triable of right by jury.

5

6            RESPECTFULLY SUBMITTED this 10th day of June, 2013.

7

8                          HAGENS BERMAN SOBOL SHAPIRO LLP

9

10                         By: _____

11                         Robert B. Carey (*Pro Hac Vice pending*)
                           Leonard W. Aragon (*Pro Hac Vice pending*)
12                         Rachel E. Freeman (*Pro Hac Vice pending*)
                           HAGENS BERMAN SOBOL SHAPIRO LLP
13                         11 West Jefferson Street, Suite 1000
                           Phoenix, AZ 85003
14                         Telephone: (602) 840-5900
15                         Facsimile: (602) 840-3012
                           rob@hbsslaw.com
16                         leonard@hbsslaw.com
17                         rachelf@hbsslaw.com

18

19                         Steve W. Berman (*Pro Hac Vice pending*)
                           HAGENS BERMAN SOBOL SHAPIRO LLP
20                         1301 Fifth Avenue, Suite 2900
21                         Seattle, Washington 98101
                           Telephone: (206) 623-7292
22                         Facsimile: (206) 623-0594
23                         steve@hbsslaw.com

24

25

26

27

28

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE PAYNTER LAW FIRM PLLC

By: ⟨signature⟩

Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

William S. Sowders (*Reactivation pending*)
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, AZ 85004
Telephone: (602) 307-9900
Facsimile: (602) 307-5853
BSowders@rcdmlaw.com

Attorneys for Plaintiffs

CLASS ACTION COMPLAINT

# EXHIBIT A

Fan photos from college sports events



It's all about your friends, your family,
your team, and that special moment in history.

# College Sports

**Printroom Photo Services**

**Photo Solutions For Any Occasion**

With photographers in all 50 states we provide professional photography solutions encompassing fan photography, races, events, and photo marketing to sports, entertainment, and media organizations.

- Event Photography
- Fan Photography
- Race Photography
- Photo Marketing
- Custom Websites
- Branded Products
- ...and much more!



LEARN MORE

 ACC Championship
Fan Photos

 Air Force
Photo Archive

 Arena Football League
Photo Archive

 Arizona
Photo Archive

 Arizona State
Photo Archive

 Army
Photo Archive

 Auburn
Photo Archive | Suites & Tours

 Baylor
Photo Archive

 Boise State
Photo Archive

 Brigham Young University
Fan Photos

 Bucknell
Photo Archive

 Cal Bears
Fan Photos

 Cincinnati
Photo Archive

 Coastal Carolina
Photo Archive

 Colorado Buffaloes

 NC State
Photo Archive

 Nevada
Photo Archive

 New Mexico
Photo Archive

 Northwestern
Photo Archive | Fan Photos

 Ohio Buckeyes
Fan Photos

 Oklahoma
Photo Archive

 Oklahoma State
Photo Archive

 Old Dominion
Photo Archive

 Ole Miss
Photo Archive

 Oregon State
Photo Archive

 Penn State
Photo Archive | Fan Photos

 Penn Relay Carnival
Fan Photos

 Pepperdine
Photo Archive

 Providence
Photo Archive

 Purdue

Fan photos from college sports events




| | | | |
|---|---|---|---|
| | Fan Photos | | Photo Archive |
| DePaul | DePaul<br>Photo Archive | Rice | Rice<br>Photo Archive |
| Duquesne | Duquesne<br>Photo Archive | San Diego | San Diego<br>Photo Archive |
| ECU | ECU<br>Photo Archive | Siena | Siena<br>Photo Archive |
| Florida Gators | Florida Gators<br>Fan Photos | SMU | SMU<br>Photo Archive |
| Florida State | Florida State<br>Photo Archive | South Carolina | South Carolina<br>Photo Archive | Fan Photos |
| Fresno State | Fresno State<br>Photo Archive | Southern Illinois | Southern Illinois<br>Photo Archive |
| George Washington | George Washington<br>Photo Archive | Stanford | Stanford<br>Photo Archive | Fan Photos |
| Georgetown | Georgetown<br>Photo Archive | St. Johns | St. Johns<br>Photo Archive |
| Georgia | Georgia<br>Photo Archive | Fan Photos | TCU | TCU<br>Photo Archive | Fan Photos |
| Georgia Tech | Georgia Tech<br>Photo Archive | Tennessee | Tennessee<br>Photo Archive | Fan Photos |
| Grand Valley | Grand Valley<br>Photo Archive | Texas A&M Aggies | Texas A&M Aggies<br>Fan Photos |
| Houston | Houston<br>Photo Archive | Texas Tech | Texas Tech<br>Photo Archive |
| Illinois State | Illinois State<br>Photo Archive | Tulane | Tulane<br>Photo Archive |
| Indiana | Indiana<br>Photo Archive | Tulsa | Tulsa<br>Photo Archive |
| Iowa | Iowa<br>Photo Archive | UCLA | UCLA<br>Fan Photos |
| Johns Hopkins | Johns Hopkins<br>Photo Archive | UCONN | UCONN<br>Photo Archive |
| Kansas | Kansas<br>Photo Archive | UMASS | UMASS<br>Photo Archive |

Fan photos from college sports events

 Kansas State
Photo Archive

 UNLV
Photo Archive

 Lafayette
Photo Archive

 USC
Photo Archive

 Lamar
Photo Archive

 Utah
Photo Archive

 Louisiana Tech
Photo Archive

 Utah State
Photo Archive

 Louisville
Photo Archive

 UT Arlington
Photo Archive

 Loyola
Photo Archive

 UTEP
Photo Archive

 Loyola Marymount
Photo Archive

 Vanderbilt
Photo Archive

 Marquette
Photo Archive

 Villanova
Photo Archive

 Maryland
Photo Archive

 Virginia
Photo Archive

 Maryland Eastern
Photo Archive

 Wake Forest
Photo Archive

 Memphis
Photo Archive

 Washington State
Photo Archive

 Michigan State
Photo Archive

 Wisconsin
Photo Archive

 Minnesota
Photo Archive

 Wyoming
Photo Archive

 Missouri
Photo Archive

 Xavier
Photo Archive

 Montana
Photo Archive

 Navy
Photo Archive


PRINTROOM
PHOTO SERVICES
Professional Photography Solutions
FAN PHOTOS • RACES • EVENTS • PHOTO MARKETING

# EXHIBIT B

University of Texas at El Paso Official Athletics Photo Store



# UTEP
## OFFICIAL MINERS PHOTO STORE

Select Sport ▼

Event, Name, etc.  Search

# Thousands of Great Images

Relive the top athletic moments with professional photos from our vast archives. Select from best sellers or search for plays and game images, both past and present.




1 2 3

### Best Sellers

  

View Featured Images          Search by Event or Person

### Football

  

View Featured Images          Search by Event or Person

### Basketball (M)

  

View Featured Images          Search by Event or Person

### Basketball (W)

  

View Featured Images          Search by Event or Person

### Volleyball (W)

  

View Featured Images          Search by Event or Person

### Soccer (W)

  

View Featured Images          Search by Event or Person

## CBSSPORTS.com
### COLLEGE NETWORK

Contact Us  |  Privacy Policy  |  Ad Choice  |  Terms of Use  |  About Us  |  Advertise  |  Help

University of Texas at El Paso Official Athletics Photo Store

UTEP - A Year In Review   UTEP - Basketball (M)   UTEP - Basketball (W)   UTEP - Best Sellers   UTEP - Cross Country   UTEP - Football   UTEP - Golf (M)   UTEP - Golf (W)   UTEP - Soccer (W)
UTEP - Softball   UTEP - Tennis (W)   UTEP - Track   UTEP - Volleyball (W)

©Copyright 2000 - 2013 Brand Affinity Technologies, Inc. All rights reserved.
All content is copyright protected by the respective owners of such content. Unauthorized reproduction prohibited by law. United States Patents No. 7,809,603 and 8,285,700; also Patents Pending.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge _____
and the assigned discovery Magistrate Judge is _____.

The case number on all documents filed with the Court should read as follows:

## SACV13- 876 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Robert B. Carey (Pro Hac Vice pending)
Leonard W. Aragon (Pro Hac Vice pending)
Rachel E. Freeman (Pro Hac Vice pending)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| YAHCHAAROAH LIGHTBOURNE, on behalf of himself and all others similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | |
| v. | |
| PRINTROOM, INC., PROFESSIONAL PHOTO STOREFRONTS, INC. and BRAND AFFINITY TECHNOLOGIES, INC., | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, SEE ATTACHED _____, whose address is SEE ATTACHED _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 6/11/2013

By: _Dcina_ DENISE VO

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Robert B. Carey (*Pro Hac Vice pending*)
Leonard W. Aragon (*Pro Hac Vice pending*)
Rachel E. Freeman (*Pro Hac Vice pending*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite1000
Phoenix, AZ 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
leonard@hbsslaw.com
rachelf@hbsslaw.com

Steve W. Berman (*Pro Hac Vice pending*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

William S. Sowders (*Reactivation pending*)
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, AZ 85004
Telephone: (602) 307-9900
Facsimile: (602) 307-5853
BSowders@rcdmlaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

YAHCHAAROAH LIGHTBOURNE, on behalf of himself and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

PRINTROOM, INC., PROFESSIONAL PHOTO STOREFRONTS, INC. and BRAND AFFINITY TECHNOLOGIES, INC.,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
SEE ATTACHMENT

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Cal. Civ. Code § 3344 (Rights of publicity); Cal. Bus. & Prof. Code § 17200 et seq. (Unfair competition; rights of publicity); Unjust Enrichment; Civil Conspiracy; and 28 U.S.C. § 1332(a) and (d) (Diversity jurisdiction).

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **SACV-13–00876 JVS (RNBx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

   If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

   If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
- ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | Santa Clara County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County - Cal. Civ. Code § 3344; Rights of Publicity under Cal. Common Law; Cal. Bus. & Prof. Code § 17200 et seq.; Unjust Enrichment; Civil Conspiracy. | Santa Clara County - Cal. Civ. Code § 3344; Rights of Publicity under Cal. Common Law; Cal. Bus. & Prof. Code § 17200 et seq.; Unjust Enrichment; Civil Conspiracy. |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: June 10, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Robert B. Carey (*Pro Hac Vice pending*)
Leonard W. Aragon (*Pro Hac Vice pending*)
Rachel E. Freeman (*Pro Hac Vice pending*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite1000
Phoenix, AZ 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
leonard@hbsslaw.com
rachelf@hbsslaw.com

Steve W. Berman (*Pro Hac Vice pending*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

William S. Sowders (*Reactivation pending*)
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, AZ 85004
Telephone: (602) 307-9900
Facsimile: (602) 307-5853
BSowders@rcdmlaw.com

Attorneys for Plaintiffs