LATHAM & WATKINS LLP
  Perry J. Viscounty (Bar No. 132143)
perry.viscounty@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
(714) 540-1235 / (714) 755-8290 Fax

LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
jennifer.barry@lw.com
600 West Broadway, Suite 1800
San Diego, CA 92101-3375
(619) 236-1234 / (619) 696-7419 Fax

Attorneys for Defendant
BRAND AFFINITY
TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHCHAAROAH LIGHTBOURNE, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>PRINTROOM, INC., PROFESSIONAL PHOTO STOREFRONTS, INC. and BRAND AFFINITY TECHNOLOGIES, INC.,<br><br>          Defendants. | CASE NO. SACV13-00876 JVS (RNBx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS** |

      Plaintiff Yahchaaroah Lightbourne ("Plaintiff") and defendant Brand Affinity Technologies, Inc. ("Defendant") stipulate as follows:

## PURPOSES AND LIMITATIONS

      Disclosure and discovery activity in this action are likely to involve production of certain confidential, proprietary, private or trade secret information for which special protection from disclosure would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1679013.1

1

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

Protective Order Governing Confidential Materials. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under applicable state or federal law. The parties further acknowledge, as set forth in Section IX below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; the parties shall follow the applicable rules when seeking permission from the Court to file material under seal.

Notwithstanding anything in this Stipulated Protective Order, the parties agree that the Disclosure of Discovery Material, as defined in Section I(B) below, shall not be used by the Receiving Party, as defined in Section I(C) below, for any purpose other than for prosecuting or defending this action, unless otherwise agreed to by the parties.

## I. DEFINITIONS

**A.** **Party or Parties**: any party to this action, and all parties to this action, including all of its or their officers, directors, owners, members, partners, trustees, beneficiaries, employees, consultants, retained experts, attorneys, and outside counsel (and their support staff).

**B.** **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or generated by any party or non-party in disclosures or responses to discovery in this matter.

**C.** **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**D.** **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material in this action.

LATHAM&WATKINS LLP OC\1679013.1
ATTORNEYS AT LAW
ORANGE COUNTY

2

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

  **E.**  **Designating Party**: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" as that term is defined below.

  **F.**  **"CONFIDENTIAL" Information or Items**: information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith is confidential under applicable state or federal law. Confidential information or items generally include materials used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence.

  **G.**  **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  **H.**  **Outside Counsel**: attorneys not employed by the parties who are retained to represent or advise a Party in this action.

  **I.**  **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who has been approved to receive Protected Material in accordance with Section VI(E) below.

  **J.**  **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**II.**  **SCOPE**

  The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel in any settings that the designating party believes in good faith might reveal Protected Material. All notes,

LATHAM&WATKINS<sup>LLP</sup> OC\1679013.1
ATTORNEYS AT LAW
ORANGE COUNTY

3

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Stipulated Protective Order as though they were designated as Protected Material.

This Stipulated Protective Order shall not apply to testimony or presentations at Court hearings or other Court proceedings. The Parties shall take up matters of confidentiality with the Court or judicial officer conducting such proceeding at the appropriate time in an effort to protect the material that is the subject of this Stipulated Protective Order, subject to such Court or judicial officer's determination regarding how to treat such material at such proceeding.

### III. DURATION

Even after the termination of this litigation—whether by settlement, discontinuance, dismissal, severance, judgment or other disposition—the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### IV. DESIGNATING PROTECTED MATERIALS

**A.    Manner and Timing of Designations.** Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires the following:

1. <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings): the Producing Party must affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material, including on each page of any electronically produced document.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1679013.1

4

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, and before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend at the top or bottom of each page that contains protected material.  If only a portion of a document or portions of the material on a page qualifies for protection, the Designating Party must clearly identify the protected portion(s).

2. <u>For testimony given in deposition</u>:  all transcripts will automatically be designated "CONFIDENTIAL" from the day of the deposition or proceeding to fourteen (14) calendar days after receipt of the final original transcript by the witness or the witness' attorney.  During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Stipulated Protective Order.  If such written designations are submitted, then the final transcript will be revised to reflect those designations.  After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed non-confidential, and the transcript will be revised to remove all confidentiality designations.

3. <u>For information produced in some form other than documentary, and for any other tangible items</u>:  the Producing Party must affix the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored or in some other reasonable fashion depending on the form of the material.  If that matter is stored or recorded

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1679013.1

5

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

electronically (including information databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed upon it, the Designating Party may designate such material as "CONFIDENTIAL" by cover letter identifying the Protected Material.  Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Stipulated Protective Order by written notice.  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall designate the protected portions only.

**B.     Inadvertent Failures to Designate.**  If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  If material is appropriately designated after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.  As used in this Stipulated Protective Order, an act is "timely" if it does not unduly prejudice another party.

**C.     Production of Privileged or Otherwise Protected Material.**  Pursuant to Federal Rule of Evidence 502(d), if in connection with the Litigation documents or information subject to a claim of attorney-client privilege, work product protection and/or any other privilege or protection from disclosure are disclosed ("Disclosed Information") by the Producing Party, the disclosure of such Disclosed Information shall not constitute or be deemed a waiver of any claim of attorney-client privilege, work product protection or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter.

The Producing Party shall promptly notify the Receiving Party of any claim of disclosure with respect to Disclosed Information upon discovering the

LATHAM&WATKINS LLP  OC\1679013.1
ATTORNEYS AT LAW
ORANGE COUNTY

6

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

inadvertent disclosure.  Promptly upon notification, and in no event no later than five (5) business days after receiving notice, the Receiving Party shall return and/or destroy all copies of the Disclosed Information identified in the notice, and shall certify in writing that it has done so.  In so doing, the Receiving Party shall not waive or prejudice any challenge it may have to the alleged privileged status of the Disclosed Information.  Where recovery and return/destruction of Disclosed Information results in material costs, the Receiving Party may apply to the Court to seek recovery of said costs.  If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute they have concerning the Disclosed Information, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material.

Nothing in this section or in this Stipulated Protective Order waives or limits the protections afforded to the parties by the applicable Federal Rules of Civil Procedure.

## V.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

**A.     Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation (the "Challenging Party") must do so in good faith and must begin the process by requesting in writing a conference directly (in voice to voice dialogue; other forms of communication are not sufficient to satisfy the requirement of a "conference") with counsel for the Designating Party.  Counsel for the Designating Party shall make him or herself available to participate in the requested conference within five (5) business days (excluding legal holidays) of receipt of the written request, subject to an additional two (2) business day extension to meet and confer under exigent circumstances, provided that the party requesting the extension explains with specificity the nature of the exigent circumstances.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must

LATHAM&WATKINS LLP  OC\1679013.1
ATTORNEYS AT LAW
ORANGE COUNTY

7

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Party may proceed to the next stage of the challenge process only after it has engaged in this meet and confer process.

**B.** **Judicial Intervention.** If the Parties are unable to resolve a dispute regarding a challenge to a confidentiality designation pursuant to Paragraph V.A above, they will submit a joint stipulation to the Court in compliance with the requirements of Civil Local Rule 37-2. Prior to making such submission, the parties must comply with Civil Local Rule 37-1, to the extent not satisfied by the parties' meet-and-confer process under Paragraph V.A above.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

**A.** **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section X below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Stipulated Protective Order.

**B.** **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1679013.1

8

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1. The Receiving Party's in-house and Outside Counsel in this action, as well as employees and consultants of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

2. The Receiving Party, if that party is an individual, or if the Receiving Party is an entity, then its officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

3. Experts (as defined in this Stipulated Protective Order) of the Receiving Party, and their administrative support staff if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

4. The Court and its personnel;

5. Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

6. Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation;

7. Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

8. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

9. Any author or recipient of the document or the original source of the information disclosed in the document; and

LATHAM&WATKINS LLP  OC\1679013.1
ATTORNEYS AT LAW
ORANGE COUNTY

9

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

    10. The Receiving Party's insurance carrier or carriers to the extent reasonably related to any actual or potential coverage in connection with this litigation.

  **D.** **Maintenance of Signed Agreements.** Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and Agreement(s) to Be Bound by Protective Order."

  **E.** **Disclosure Not Otherwise Authorized.** In the event that counsel representing any Party in this action believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Stipulated Protective Order, such counsel shall make a written request (delivered by hand, email or fax) to counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Materials involved, and notifying the Designating Party that they have five (5) business days to object to such disclosure. Within five (5) business days of the request, counsel for the Designating Party may object to such disclosure by delivering by hand, email, or fax a written objection to counsel serving the disclosure request. Failure to so object constitutes consent to such disclosure.

  In the event that a Designating Party objects to such disclosure, such Protected Materials shall not be disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Stipulated Protective Order until such dispute has been resolved by agreement of the parties or, after the Parties engage in a good faith meet and confer about this issue (which conference is to occur within five business days of a written request therefor), by order of the Court. However, both parties agree to act in good faith to approve reasonable requests, if feasible, to use "CONFIDENTIAL" information at depositions taken in this action, but acknowledge that requests of this nature should generally be made using the procedure in this section prior to the deposition if reasonably anticipated.

LATHAM&WATKINS LLP  
ATTORNEYS AT LAW  
ORANGE COUNTY

OC\1679013.1

10

Case No. SACV13-00876 JVS (RNBx)  
Amended Stipulated Protective Order  
Governing Confidential Materials

**F.     Authorized Disclosures.**  Nothing in this Stipulated Protective Order shall preclude any party to the proceeding or their attorneys from:

1. Showing materials designated as "CONFIDENTIAL" to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

2. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files.

3. Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a source other than discovery.

4. Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the Receiving Party at the time of production.

## VII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," to the extent not violative of any statute, rule, or order applicable to such party in such litigation, the Receiving Party must so notify the Designating Party, in writing (by hand, email or fax), promptly and in no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this

LATHAM&WATKINS LLP   OC\1679013.1
ATTORNEYS AT LAW
ORANGE COUNTY

11

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material to the extent permissible by such court. Nothing in this Stipulated Protective Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

## IX. FILING PROTECTED MATERIAL

In accordance with Civil Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1679013.1

12

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

## X. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final termination of this action (e.g., a Court order terminating this action and from which no appeal is taken), each Receiving Party must make reasonable efforts to return or destroy the Protected Material. As used in this paragraph, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety-day deadline that affirms that the Receiving Party has taken reasonable efforts to comply with the foregoing provisions, and has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. "Reasonable efforts" shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order.

Notwithstanding this provision, counsel are entitled to retain archival copies and are not required to return or destroy copies of all pleadings, motion papers, written discovery, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Protected Material, provided that such counsel take appropriate steps to prevent the disclosure in a manner contrary to this Stipulated Protective Order of such Protected Material. Any such archival copies that contain or constitute Protected

LATHAM&WATKINS LLP OC\1679013.1
ATTORNEYS AT LAW
ORANGE COUNTY

13

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

1  Material remain subject to this Stipulated Protective Order as set forth in Section
2  III (DURATION) above.

3  **XI.  MISCELLANEOUS**

4      **A.  Right to Further Relief.**  Nothing in this Stipulated Protective Order
5  abridges the right of any person to seek its modification by the Court in the future.

6      **B.  Admissions and Waivers.**  Neither the entry of this Order, nor the
7  designation of any information or documents as "CONFIDENTIAL," or failure to
8  make such a designation, shall constitute evidence or any admission with respect to
9  any issue in the case, and shall not constitute a waiver of any objections to the
10 disclosure of such information.  Nothing in this Stipulated Protective Order shall
11 be construed as waiving any objections of either Party as to the admissibility of a
12 particular document into evidence.  Moreover, nothing in this Stipulated Protective
13 Order shall be construed to require any party to disclose to any other party any
14 "CONFIDENTIAL" information, or to prohibit any party from refusing to disclose
15 "CONFIDENTIAL" information to any other party.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1679013.1

14

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

1  **C.   Right to Assert Other Objections.**  By stipulating to the entry of this
2  Protective Order no Party waives any right it otherwise would have to object to
3  disclosing or producing any information or item on any ground not addressed in
4  this Stipulated Protective Order.
5      IT IS SO STIPULATED.

6  Dated: September 23, 2013        LATHAM & WATKINS LLP

7                                   By: /s/ Jennifer L. Barry
8                                       Jennifer L. Barry

9                                   Attorneys for Defendant
                                     BRAND AFFINITY
                                     TECHNOLOGIES, INC.
10

11 Dated: September 23, 2013        HAGENS BERMAN SOBOL
   SHAPIRO LLP

12                                  By: /s/ Leonard W. Aragon
13                                      Leonard W. Aragon

14                                  Attorneys for Plaintiff
                                     YAHCHAAROAH LIGHTBOURNE
15

16

17 ATTESTATION: I certify that I obtained concurrence in the filing of this
18 document from all parties whose electronic signatures appear above.

19 Dated: September 23, 2013         /s/ Jennifer L. Barry
20                                   Jennifer L. Barry

21
22
23                      **ORDER**

24 IT IS SO ORDERED.
25
26 Date: September 24, 2013
27                                   Hon. Robert N. Block
                                     United States Magistrate Judge
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1679013.1

15

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, [NAME], with an address of [ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2013, in the case of *Lightbourne v. Printroom, Inc.*, Case No. SACV13-00876-JVS (RNBx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed on _____, 20___, at [CITY AND STATE].

Signature: _____

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1679013.1

16

Case No. SACV13-00876 JVS (RNBx)
Amended Stipulated Protective Order
Governing Confidential Materials