**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

**HONORABLE JOSEPHINE L. STATON, JUDGE PRESIDING**

**CERTIFIED TRANSCRIPT**

| | |
|---|---|
| YAHCHAAROAH LIGHTBOURNE, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　PLAINTIFFS,<br><br>　　VS.<br><br>PRINTROOM, INC., PROFESSIONAL PHOTO STOREFRONTS, INC., BRAND AFFINITY TECHNOLOGIES, INC. AND CBS INTERACTIVE, INC.,<br><br>　　　　DEFENDANTS.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) SACV NO. 13-00876-JLS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

FRIDAY, DECEMBER 5, 2014

2:30 P.M.

**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(657) 229-4305**
**TRANSCRIPTS@DDPARKER.COM**

*DEBORAH D. PARKER, U.S. COURT REPORTER*

APPEARANCES OF COUNSEL:

FOR THE PLAINTIFFS, YAHCHAAROAH LIGHTBOURNE,
ET AL.:

                            ROBERT B. CAREY
                            LEONARD W. ARAGON
                            HAGENS BERMAN SOBOL SHAPIRO, LLP
                            11 WEST JEFFERSON STREET
                            SUITE 1000
                            PHOENIX, ARIZONA 85003
                            (602) 840-5900


                            WILLIAM S. SOWDERS
                            RENAUD, COOK, DRURY, MESAROS, P.A.
                            ONE NORTH CENTRAL
                            SUITE 900
                            PHOENIX, ARIZONA 85004
                            (602) 256-3045


                            STUART M. PAYNTER
                            THE PAYNTER LAW FIRM, PLLC
                            1200 G STREET N.W.
                            SUITE 800
                            WASHINGTON, D.C. 20005
                            (202) 626-4486



FOR THE DEFENDANTS, PRINTROOM, INC., PROFESSIONAL
PHOTO STOREFRONTS, INC., BRAND AFFINITY
TECHNOLOGIES, INC. AND CBS INTERACTIVE, INC.:

                            YEHUDAH L. BUCHWEITZ
                            WEIL, GOTSHAL & MANGES, LLP
                            767 FIFTH AVENUE
                            NEW YORK, NEW YORK 10153
                            (212) 310-8256


                            BRUCE ISAACS
                            DAVIS WRIGHT TREMAINE LLP
                            865 FIGUEROA STREET
                            SUITE 2400
                            LOS ANGELES, CALIFORNIA 90017
                            (213) 633-6800

APPEARANCES OF COUNSEL:

FOR THE DEFENDANTS, PRINTROOM, INC., PROFESSIONAL
PHOTO STOREFRONTS, INC., BRAND AFFINITY
TECHNOLOGIES, INC. AND CBS INTERACTIVE, INC.:

CHRISTY BERTRAM
JOHNSON & BERTRAM, LLP
1 PARK PLAZA
SUITE 600
IRVINE, CALIFORNIA 92614
(949) 852-4473

SANTA ANA, CALIFORNIA; FRIDAY, DECEMBER 5, 2014; 2:32 P.M.

-OOO-

THE CLERK: CALLING CALENDAR ITEM NO. 7, SACV 13-876-JLS-RNB, YAHCHAAROAH LIGHTBOURNE VERSUS PRINTROOM, INC., ET AL.

COUNSEL, YOUR APPEARANCES, PLEASE.

MR. CAREY: GOOD AFTERNOON, YOUR HONOR.

ROB CAREY; LEONARD ARAGON FROM HAGENS BERMAN FOR THE PLAINTIFF; BILL SOWDERS FROM RENAUD, COOK, DRURY AND MESAROS AND STUART PAYNTER FROM THE PAYNTER LAW FIRM, ON BEHALF OF MR. LIGHTBOURNE AND THE PUTATIVE CLASS.

THE COURT: GOOD AFTERNOON.

MS. BERTRAM: EXCUSE ME, YOUR HONOR.

CHRISTY BERTRAM, YOUR HONOR, ON BEHALF OF THE DEFENDANT BRAND AFFINITY.

THE COURT: GOOD AFTERNOON.

MR. QUINN: GOOD AFTERNOON, YOUR HONOR.

JIM QUINN AND YEHUDAH BUCHWEITZ FROM THE WEIL FIRM, ON BEHALF OF CBS.

MR. ISAACS: AND I'M BRUCE ISAACS OF DAVIS, WRIGHT, TREMAINE, ON BEHALF OF CBS ALSO.

THE COURT: ALL RIGHT. MS. BERTRAM, YOU THREW ME OFF, BECAUSE THAT'S THE PLAINTIFFS' SIDE.

MS. BERTRAM: I UNDERSTAND THAT, YOUR HONOR, BUT I'M NOT OPPOSING THIS MOTION.

*DEBORAH D. PARKER, U.S. COURT REPORTER*

THE COURT:  I KNOW YOU'RE NOT OPPOSING THE MOTION --

MS. BERTRAM:  I'M HAPPY TO SWITCH SIDES, IF YOU WOULD LIKE.

THE COURT:  THAT'S MORE APPROPRIATE.  YOU CAN PUT A CHAIR BETWEEN YOURSELF AND THE OTHER DEFENDANTS, IF YOU LIKE.

MS. BERTRAM:  THANK YOU, YOUR HONOR.

THE COURT:  ALL RIGHT.  THIS IS PLAINTIFFS' MOTION FOR APPROVAL OF THE -- PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT.  WHILE IT WAS DENOMINATED UNOPPOSED -- THAT'S NOT REALLY THE CASE -- I'M GOING TO ALLOW YOU TO BE HEARD.

MR. CAREY:  THANK YOU, YOUR HONOR.

YOUR HONOR, I'LL KEEP IT FAIRLY SHORT AND LOOK FOR SOME GUIDANCE, IF THE COURT HAS ISSUES IT WANTS TO GO INTO, BUT I THINK --

THE COURT:  I WILL TELL YOU THAT I'M -- YOU SHOULD KEEP IT RELATIVELY SHORT, BECAUSE I'M ONLY GOING TO GIVE YOU A FEW MINUTES, MAYBE 10 MINUTES OR SO, IF YOU NEED IT; IT DEPENDS.  BUT MY INCLINATION IS NOT TO GRANT PRELIMINARY APPROVAL OF THIS.

SO IF THERE ARE SOME POINTS THAT YOU THINK I NEED TO LOOK AT, I AM -- I'M NOT CONVINCED THAT THIS IS -- THIS MEETS THE DEFINITION OF FAIR AND REASONABLE.  I'M CONCERNED

ABOUT IT FOR A NUMBER OF REASONS.

FIRST OF ALL, LET ME JUST ASK A QUESTION.  YOU CAN ADDRESS THIS; AND THEN, I'LL JUST LET YOU BE HEARD, GENERALLY.  THE EVIDENTIARY HEARING THAT YOU PROPOSE, THAT WOULD BE FOR THE PURPOSES OF DETERMINING DAMAGES TO THE PLAINTIFF CLASS, CORRECT?

MR. CAREY:  YES.  CORRECT.

THE COURT:  ALL RIGHT.  AND THERE WOULD BE NO OBLIGATION BY THE SETTLING DEFENDANTS -- THAT WOULDN'T CHANGE ANY OF THE ALLEGATIONS OF THE SETTLING DEFENDANTS, THE OUTCOME OF THAT EVIDENTIARY HEARING?

MR. CAREY:  RIGHT.

THE COURT:  AND SO, IT WOULD ONLY BE IF CBSI HAS AN OBLIGATION TO PAY THAT AMOUNT, CORRECT?

IN OTHER WORDS, THERE'S NOTHING -- UNTIL I DETERMINE CBSI'S OBLIGATION -- WHO WOULD -- WHAT WOULD BE THE PURPOSE OF THE EVIDENTIARY HEARING?  HOW WOULD THAT MONEY GO TO THE PLAINTIFF CLASS?

MR. CAREY:  WELL, THE WAY IT WOULD WORK IS, WE COULD HAVE DONE IT BY STIPULATION AND HAD IT SUBJECT TO A GOOD-FAITH TEST AT THE END OF THE HEARING.  BUT THE BOTTOM LINE IS, THAT HAS TO HAVE A JUDGMENT AGAINST IT, BEFORE IT HAS ANY RIGHTS TO INDEMNITY.  SO THAT IS NECESSARILY ANTECEDENT TO ASSIGNING ANY CLAIM FOR INDEMNITY TO THE CLASS.  SO THE WAY IT SHOULD WORK IS, YOU GET -- THAT HAS A

JUDGMENT TAKEN AGAINST HIM EITHER THROUGH DEFAULT OR THROUGH EVIDENTIARY HEARING AND THEN THE JUDGMENT BEING ENTERED. THEN, THE CLASS THEN PROSECUTES THAT CLAIM. IT GETS ASSIGNED THE INDEMNITY --

THE COURT: DEFAULT IS NOT AN ISSUE HERE AS TO THIS DEFENDANT, CORRECT?

MR. CAREY: AS TO CBSI?

THE COURT: YES.

MR. CAREY: WELL, NO, BUT THEY ARE IRRELEVANT TO THIS PROCESS, BECAUSE BAT COULD HAVE JUST DEFAULTED ON THIS, HAD A JUDGMENT TAKEN AGAINST IT AND THEN WE COULD HAVE CUT THIS DEAL WHERE THEY ASSIGNED THEIR RIGHTS AGAINST CBS TO THE CLASS AND THEN A COVENANT NOT TO EXECUTE. SO THEY COULD HAVE DONE THAT AT THE END OF THE CASE.

THE COURT: RIGHT. AND THEN I WOULDN'T BE HAVING THIS EVIDENTIARY HEARING. IN OTHER WORDS, AT THAT POINT, WE WOULD DECIDE, ONCE THERE'S A DEFAULT JUDGMENT AGAINST BAT, THEN YOU WOULD -- THEN, THEY WOULD -- YOU WOULD HAVE WHATEVER RIGHTS YOU HAVE AGAINST CBSI; AND THEN, WE WOULD PURSUE IT IN THE NORMAL ORDER AND WE WOULD DETERMINE WHETHER CBSI HAS ANY INDEMNIFICATION LIABILITY BEFORE WE START INTO SOME DAMAGES HEARING.

MR. CAREY: WELL, RIGHT, BUT THE PROBLEM IS WHEN YOU DO SOMETHING LIKE THIS -- AN ASSIGNMENT OF THEIR CLAIM AND THE COVENANT NOT TO EXECUTE -- THERE'S ALWAYS THE

ARGUMENT THAT IT'S COLLUSIVE AND THERE'S NOT A GOOD FAITH, SO YOU END OF RELITIGATING THAT LATER.  AND SO, THE PRACTICE IS IN *CRITZ* AGREEMENTS, WHICH IS IN THE INSURANCE CONTEXT, YOU GO IN AND YOU PUT ON YOUR EVIDENCE OF DAMAGE AND HAVE THE DAMAGES ASCERTAINED IN A HEARING AND THEN THAT NUMBER SUFFICES GOING FORWARD TO LITIGATE THE INDEMNITY CLAIM AGAINST CBS FOR THE HOLDER OF THOSE RIGHTS.

SO WE COULD JUST AGREE AND STIPULATE THE NUMBER IS 40 MILLION, OR 38 MILLION, OR 60 MILLION AND AGREED ON IT, HAD JUDGMENT ENTERED AGAINST BAT WITH A COVENANT NOT TO EXECUTE, AND THEN THEY WOULD ASSIGN THEIR RIGHTS AGAINST CBSI AND THEY WOULD PROCEED WITH THAT AND CBSI WOULD COME IN AND SAY, *LOOK, YOU DID A COLLUSIVE NON-NEGOTIATED AGREEMENT ON THE DAMAGES WITH NO HEARING, NO OVERSIGHT, SO LET'S RELITIGATE THAT.*

IT'S GOING TO COME OUT ONE OF THOSE TWO WAYS.  YOU EITHER HAVE TO HAVE NO CONTEST ABOUT WHAT THE NUMBER WAS, OR --

THE COURT:  WOULDN'T IT BE EASIER TO LITIGATE THE ISSUE OF COLLUSIVENESS THAN IT WOULD BE TO LITIGATE DAMAGES? THAT SEEMS A LOT MORE STRAIGHTFORWARD TO ME.

MR. CAREY:  I DON'T BELIEVE SO IN THIS CASE, YOUR HONOR.  BECAUSE, HERE, IT'S JUST SIMPLY THE STATUTORY -- MINIMUM STATUTORY DAMAGE AMOUNT AGAINST EVERY VIOLATION OF THE STATUTE WHICH IS DERIVED FROM THE NUMBER OF

PEOPLE IN THE PHOTOGRAPHS.  AND WE ALREADY HAVE THOSE NUMBERS.  SO THE DAMAGES HEARING WOULD SIMPLY BE HOW MANY PEOPLE HAVE THEIR IMAGES OR LIKENESSES USED IN THE PHOTOGRAPH TIMES THE 750 STATUTORY NUMBER.

THE COURT:  DO I HAVE TO LOOK AT WHICH OF THOSE INDIVIDUALS CONSENTED?

MR. CAREY:  NO.

THE COURT:  WHY NOT?

MR. CAREY:  BECAUSE AS WE STATE IN OUR BRIEF, THAT WOULD EVENTUALLY BE AN ISSUE IN THE SUBSEQUENT CASE WHERE THEY COULD RAISE IT; BUT IF YOU JUST CAN'T FIGURE OUT WHAT THE DAMAGES ARISING OUT OF BAT'S PUBLICATION OF THOSE PHOTOGRAPHS, YOU DON'T HAVE TO GET INTO THOSE TYPES OF DEFENSES UNTIL AFTER THE DAMAGE UNDER THE STATUTE IS DETERMINED AND THE CLASS IS CERTIFIED.

THE COURT:  ALL RIGHT.  AND LET ME ASK ABOUT YOUR PLAINTIFF, YOUR NAMED PLAINTIFF --

MR. CAREY:  YES.

THE COURT:  -- CONSENT ISSUES AS TO HIM.  I THOUGHT YOU WERE GOING TO HAVE, PERHAPS, ANOTHER NAMED PLAINTIFF BY NOW.

MR. CAREY:  WELL, YOUR HONOR, WE WERE PLANNING ON SUPPLEMENTING THIS FOR THE FINAL FAIRNESS HEARING.  BUT WE HAVE DOCUMENTS FROM UTEP AND HAVE HAD CONVERSATIONS WITH UTEP'S PEOPLE, AND THEY'RE GOING TO GIVE US A DECLARATION

SAYING THEY NEVER HAD ANY RELATIONSHIP WITH CBSI SUCH THAT THEY WERE ALLOWED TO TAKE ADVANTAGE OF THAT CONSENT FORM AND THAT THEY NEVER INTENDED THAT CONSENT FORM TO BE THAT THEY ARE GIVING RIGHTS OF THE STUDENT ATHLETE TO CBSI TO PUBLISH THINGS ON THAT WEBSITE.  AND THEY WOULD SAY THAT ACROSS THE BOARD.  THEY NEVER DID IT FOR ANY STUDENT ATHLETE AND THAT THAT'S NOT THE PURPOSE OF THAT CONSENT FORM.

FRANKLY, THERE ARE OTHER CONFERENCES THAT HAVE USE-CONSENT FORMS BUT NONE OF THEM CAN USE IT IN THE WAY THAT WOULD PROTECT CBSI IN THIS CASE, BECAUSE IT WOULD RENDER THE COLLEGE STUDENT ATHLETES INELIGIBLE, AND IT WOULD VIOLATE THE BYLAWS OF THE NCAA.  SO I HIGHLY DOUBT THERE'S GOING TO BE ANYONE IN THE CASE WHO HAS ENTERED INTO SOME SORT OF WRITTEN CONSENT THAT AUTHORIZED THIS DEFENDANT TO PUT THE PHOTOGRAPHS UP FOR SALE FOR STUDENT ATHLETES.  THEY HAVE THESE RIGHTS AND THEY NEVER CONSENTED TO THE PHOTOGRAPHS BEING USED; AND SO, I DON'T THINK THERE IS GOING TO BE A CONSENT ISSUE IN THIS CASE.

THE COURT:  TELL ME -- I'M GOING TO GO BACK TO THE STIPULATED JUDGMENT OR THE IDEA THAT YOU CAN -- DAMAGE HERE MIGHT BE -- I THINK YOU IDENTIFIED -- POSSIBLY, 30 MILLION, 50 MILLION, SOMEWHERE IN THAT RANGE.  WHY WOULD THE PERCENTAGE OF THAT GO BACK TO BAT?

ISN'T THERE AN AGREEMENT?  ISN'T PART OF THE SETTLEMENT AGREEMENT THAT THEY GET A PERCENTAGE, A

PERCENTAGE THAT'S WELL BEYOND ANY -- I'M NOT EVEN UNDERSTANDING NECESSARILY WHY.

MR. CAREY: WELL, BECAUSE IT'S BAT'S UNDERLYING CLAIM. SO IF BAT WANTED TO SAY, *LOOK, WE HAVE THIS VALUABLE CHOSE IN ACTION THAT'S WORTH $40 MILLION, WE WILL SETTLE WITH YOU. YOU GIVE US A COVENANT NOT TO EXECUTE. WE'LL PAY YOU FIVE MILLION DOLLARS, PLUS WE'LL GIVE YOU 50 PERCENT OF ANY RECOVERY OFF OF OUR CLAIM.*

THEY COULD DO THAT. ITS VALUE HAS ITS VALUE, AND THE SETTLEMENT ON THIS SIDE WITH US AND THEM HAS ITS VALUE. AND SO, ONE OF THE THINGS THAT WAS NEGOTIATED IN ARM'S LENGTH WAS THAT IF THERE'S A RECOVERY ON THE CHOSE IN ACTION, THE 4.25 MILLION IS NONREFUNDABLE. WE'LL NEVER REVERT. THE CLASS GETS IT NO MATTER WHAT. SO IF WE WENT AND LOST THE INDEMNITY CLAIM, THE CLASS GETS THE 4.25 MILLION, NO MATTER WHAT.

THEN, THE QUESTION IS: HOW MUCH DO WE GET OUT OF ANY RECOVERY OFF THE HARM THAT THEY SUFFERED? AND IF THEIR HARM IS 40 MILLION AND THEY WANTED TO NEGOTIATE THAT THEY GET A RETURN OF SOME OF THAT -- IN OTHER WORDS, THEY ONLY WANTED TO GIVE UP PART OF THE RECOVERY OF THEIR RIGHT, THEY'RE ASSIGNED CLAIM, THEY CAN DO THAT. AND THAT'S WHAT THEY DID. SO THEY END UP GETTING -- THEIR INSURER GETS SOME OF IT RETURNED, IF THERE'S A RECOVERY ON THE ASSIGNED CLAIM, AND THEY GET A PERCENTAGE OF ANY RECOVERY ON THE ASSIGNED

12

CLAIM.

THE COURT:  ON THE INDEMNITY CLAIM.  IN OTHER WORDS, FOR WHAT THEY -- ALL RIGHT.

MR. CAREY:  IT'S NOT JUST AN INDEMNITY CLAIM, YOUR HONOR.  IT'S A FAILURE OF THE DUTY TO DEFEND AND A FAILURE OF THE DUTY TO INDEMNIFY.

THE COURT:  ALL RIGHT.  ANYTHING ELSE YOU WANT TO TELL THE COURT BEFORE I TURN TO CBSI?

MR. CAREY:  NO, I THINK I'M FINE WITH THAT, YOUR HONOR.

THE COURT:  ALL RIGHT.

MR. QUINN:  I'LL ALSO BE BRIEF, YOUR HONOR, AND I'LL BE HAPPY TO ANSWER ANY QUESTIONS.

FIRST OF ALL, LET ME ADDRESS THE DAMAGES HEARING FOR A SECOND, WHICH IN MANY WAYS IS REALLY KIND OF A FARCE. AND THE REASON IT IS:  EVERYONE IS ASSUMING IN A DAMAGE HEARING THAT DAMAGES WOULD BE BASED ON STATUTORY PENALTIES IN 3344.  WE ALSO KNOW THAT 99 PERCENT OF THE SUPPOSED CLASS -- WE DON'T THINK THERE WILL EVER BE A CLASS -- ARE PEOPLE WHO HAVE ABSOLUTELY NOTHING TO DO WITH CALIFORNIA. BEFORE YOU COULD EVER HAVE THAT KIND OF ANALYSIS, YOU WOULD HAVE TO DO A CHOICE OF LAW ANALYSIS TO DETERMINE -- BECAUSE THESE ARE ALL STATE TORT LAW CLAIMS.  AND THE LAW IS CLEAR THAT SINCE THIS IS A PROPERTY RIGHT, THE PROPERTY RIGHT EXISTS WHERE THE PERSON WHO OWNS THE PROPERTY RIGHT LIVES.

SO THE IDEA THAT SUDDENLY YOU CAN JUST COME IN HERE AND SAY AS TO TENS OF THOUSANDS OR HUNDREDS OF THOUSANDS OF ATHLETES THAT THEIR RIGHTS ARE -- MANY WHOM -- THIS PLAINTIFF, FOR EXAMPLE, LIVES IN WYOMING WHERE THEY HAVE NO RIGHT OF PUBLICITY.  HE NEVER PLAYED IN CALIFORNIA.  HE PLAYED IN TEXAS.  HE HAS -- AND HE'S JUST ONE EXAMPLE OF THE VAST MAJORITY OF THIS CLASS, IF THERE EVER WAS TO BE A CLASS, THAT HAD NOTHING TO DO WITH 3344.

SO THE IDEA THAT THEY COME IN AND SAY, *WELL, THERE'S SO MANY PLAYERS, THERE'S SO MANY PICTURES, AND WE'LL JUST MULTIPLY IT,* IT'S ABSURD.  AND THEY KNOW THAT.  THAT'S WHY THIS THING WAS PUT TOGETHER IN THE FIRST PLACE.  SO THERE WOULD BE NO BASIS FOR HAVING A, QUOTE, DAMAGES HEARING.  THE PROPER WAY TO DO THIS IS TO -- WITH REGARD TO THE INDEMNIFICATION CLAIMS, AND WE THINK WE'RE THE PEOPLE THAT ARE SUPPOSED TO BE INDEMNIFIED -- THOSE SHOULD BE LITIGATED, AND WE'LL HAVE DISCOVERY ON THEM.  WE'LL DO WHATEVER WE NEED TO DO.

AND IN ADDITION TO THAT, WHAT'S TRULY BIZARRE ABOUT THIS SETTLEMENT IS THE NOTION THAT BAT WILL STIPULATE TO LIABILITY AND THEN WE'RE GOING TO HAVE A DAMAGE HEARING WHERE THEY COME UP WITH SOME RIDICULOUS NUMBER, AND THE --

IT'S AS IF THEY'RE SAYING, *WELL, HEY, WE DON'T HAVE ANY OTHER DEFENSES.  WE DON'T HAVE --*

THEY WOULD HAVE ALL THE SAME DEFENSES THAT WE'VE

RAISED IN THE MOTION TO DISMISS THAT EVENTUALLY WILL GET DECIDED EITHER AT SUMMARY JUDGMENT OR AT TRIAL. BUT RATHER THAN DEFEND ON THAT BASIS, THEY SIMPLY SAID, *WELL, WE'RE GOING TO GIVE UP. WE'RE GOING TO SWITCH SIDES. AND WE'LL GET 20 PERCENT OF ANY RECOVERY.*

WELL, I SUGGEST TO YOU, YOUR HONOR, THAT IS NOT -- FIRST OF ALL, IT'S COLLUSIVE. THEY, BASICALLY, HAVE SWITCHED SIDES. NOW EVERYBODY IS AIMING AT CBS. IF THAT'S GOING TO BE THE CASE, LET'S LITIGATE OUT, FIRST, EXACTLY WHO HAS WHOSE RIGHTS, BECAUSE IN THE END IF WE'RE RIGHT AND THERE IS NO LIABILITY HERE, EITHER BECAUSE IT WOULD ONLY APPLY UNDER 3344 WITH REGARD TO PEOPLE IN CALIFORNIA, OR NOT AT ALL BECAUSE OF THE FIRST AMENDMENT OR BECAUSE OF THE COMMUNICATIONS DECENCY ACT, OR BECAUSE THESE THINGS ARE PART AND PARCEL OF THE COPYRIGHT ACT AND, THEREFORE, THEY ARE PREEMPTED.

ALL OF THESE ISSUES WHICH WE RAISED, YOUR HONOR -- THE *LIDA* MOTION TO DISMISS, I UNDERSTAND, THE FACT QUESTIONS -- BUT WE NEED TO LITIGATE THESE ISSUES AND NOT COME TOGETHER IN SOME COLLUSIVE WAY AND TRY TO STICK IT TO MY CLIENT.

THAT'S WHERE WE ARE, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MR. QUINN: THANK YOU.

THE COURT: ANYTHING FURTHER?

15

MR. CAREY:  YES, YOUR HONOR, REAL BRIEFLY.

FIRST, THIS IS NOT OTHERWISE CALLED BIZARRE.  IT IS THE ESTABLISHED WAY -- AN ESTABLISHED WAY OF DEALING WHERE A PERSON HAS A RIGHT TO INDEMNITY AND TO A DEFENSE AND THE PERSON THAT OWES THOSE DUTIES BREACHES AND DOESN'T SHOW UP.  THIS IS AN ESTABLISHED WAY --

THE COURT:  AND YOU HAVE CLASS -- I WAS SEARCHING.  YOU HAVE CLASS ACTIONS THAT YOU'VE DESCRIBED FOR ME IN YOUR PAPERS WHERE THIS WAS THE ESTABLISHED WAY AND HANDLED THIS WAY?

MR. CAREY:  I CAN PROVIDE YOU CITES FOR THAT.  WE'VE DONE --

THE COURT:  YOU CAN PROVIDE ME WITH CITES.  IT'S, LIKE, THE KEY ISSUE HERE.  YOU HAVEN'T PROVIDED ME WITH ANYTHING?

MR. CAREY:  WELL, I DON'T KNOW IF YOU LOSE YOUR SUBSTANTIVE RIGHTS, SIMPLY BECAUSE YOU AGREE TO CERTIFY THE CLAIM AS A CLASS.

THE COURT:  WELL, NO, BUT MANAGEABILITY AND HOW THESE THINGS PROCEED, IT'S VERY DIFFERENT IN A CLASS ACTION THAN IN AN INDIVIDUAL ACTION SOMETIMES.  AND SO, BECAUSE THERE ARE ISSUES WHICH MAY NEED TO BE DEALT WITH PRELIMINARILY ABOUT CHOICE OF LAW AND THOSE SORTS OF THINGS, MAYBE THOSE ARE ISSUES THAT I DON'T HAVE TO WORRY ABOUT WHETHER OR NOT THIS PARTICULAR DAMAGES CLAIM PROCEEDING

WORKS, IF THE OTHER ISSUES ARISE AS WELL. AND I DO WANT --

I DIDN'T WANT TO IGNORE THE CHOICE OF LAW ISSUE. I DIDN'T

ASK YOU ANY QUESTIONS ABOUT IT, BUT THAT IS A CONCERN THAT

THE COURT HAS. AND SO, IF YOU WOULD LIKE TO ADDRESS THAT, I

WILL GIVE YOU THAT OPPORTUNITY AS WELL.

MR. CAREY: WELL, I THINK THAT -- IT'S GOING TO BE

ONE OF THE TWO WAYS, YOUR HONOR. EITHER THERE'S GOING TO BE

ENOUGH CONTACT WITH THE STATE OF CALIFORNIA TO ALLOW

CALIFORNIA TO APPLY ITS LAW EXTRATERRITORIALLY, OR YOU'RE

GOING TO GO MULTISTATE WITH STATE BY STATE. MR. YAHCHAAROAH

LIGHTBOURNE DOESN'T LIVE IN WYOMING.

THE COURT: DON'T WE HAVE TO LOOK AT THE INTERESTS

IN EACH STATE IN DECIDING THAT? ISN'T THAT ONE OF THE

FACTORS IN APPLYING THEIR LAW?

AND SO, IF WE HAVE INDIVIDUALS WHO PLAYED IN

ANOTHER STATE, LIVED IN ANOTHER STATE AND THE ONLY

CONNECTION HERE IS THAT THE IMAGES WERE UPLOADED OR

SOMETHING TO THAT EFFECT, ISN'T THAT AN ANALYSIS THAT I

WOULD NEED TO GO THROUGH?

MR. CAREY: IT IS, AND THAT'S WHAT WE WOULD BE

DOING AT THE FINAL FAIRNESS HEARING BEFORE YOU DID FINAL

CERTIFICATION OF THE CLASS. WE WOULD PRESENT TO YOU OUR

PROPOSED EITHER NATIONWIDE CERTIFICATION OR MULTISTATE

CERTIFICATION.

THE COURT: WHY DO I NEED TO WAIT UNTIL THE FINAL

APPROVAL? I MEAN, ON AN ISSUE LIKE THAT WHERE -- WHY WOULD I NEED TO WAIT UNTIL THEN?

MR. CAREY: TO -- HOW YOU SHOULD CERTIFY THE CLASS?

THE COURT: TO DECIDE ABOUT CHOICE OF LAW AND WHETHER TO CERTIFY IT NATIONWIDE, OR -- WHY WOULD I GIVE PRELIMINARY APPROVAL WITHOUT HAVING THAT ISSUE DETERMINED?

MR. CAREY: WELL, I THINK FROM THE BRIEF WE'RE PROPOSING, IT IS A NATIONWIDE CLASS. IF THE COURT SAID THAT THAT'S NOT AN APPROPRIATE METHODOLOGY BECAUSE PUBLISHING THE MATERIAL -- HANDLING THE MATERIAL, PUBLISHING THE MATERIAL AND BEING BASED IN CALIFORNIA WHERE THE STUDENT ATHLETES' RIGHTS WENT ON THE INTERNET AND DISSEMINATED THROUGHOUT THE COUNTRY, IF THAT'S NOT A SUFFICIENT BASIS TO APPLY CALIFORNIA'S LAW, THEN WE WOULD PROPOSE A MULTISTATE CLASS FOR YOU. BUT I THINK RIGHT NOW THE WAY IT STANDS -- AND THIS IS, ESSENTIALLY, THE SAME THING THAT HAPPENED WITH JUDGE WILKIN IN, *IN RE STUDENT-ATHLETES MARKETING* IS, IT WAS BASED HERE. THE PUBLICATION OCCURRED HERE, AND THE STUDENT ATHLETES HAVE A RIGHT TO COME INTO THIS STATE WHERE IT WAS PUBLISHED AND EXERCISE THEIR RIGHTS UNDER THE STATUTE.

IF THE COURT SAYS THERE'S NOT ENOUGH CONTACT TO EXERCISE -- TO APPLY CALIFORNIA STATUTES TO THE CLASS AS A WHOLE, THEN WE WOULD APPLY THAT LAW TO EACH STATE WHO HAS A RELEVANT RIGHT OF PUBLICITY, BUT I DON'T THINK IT'S

INCONGRUOUS TO SAY YOU HAVE A RIGHT, UNDER CALIFORNIA LAW, WHEN YOUR IMAGES ARE PUBLISHED FROM HERE BY PEOPLE WHO ARE BASED IN CALIFORNIA.

THE COURT: ALL RIGHT. THANK YOU.

ANYTHING FURTHER?

MR. QUINN: I WOULD.

I THINK YOUR HONOR IS FULLY FAMILIAR WITH THE *MAZZA* CASE AND THE *GUSTAFSON* CASE YOU, YOURSELF, DECIDED. AND THE ISSUE IS NOT WHETHER OR NOT IT HAPPENS TO BE THAT THIS COMPANY IS IN CALIFORNIA. THERE'S A LOT OF OTHER ISSUES THAT ARE INVOLVED. AND THE MOST IMPORTANT ISSUE IS IT'S A PROPERTY RIGHT. AND THE CASE LAW THAT WHEN YOU HAVE A PROPERTY RIGHT LIKE THAT, THE PROPERTY RIGHT EXISTS WHERE THE PERSON IS.

THE COURT: THANK YOU.

MR. QUINN: THANK YOU, YOUR HONOR.

THE COURT: LET ME MAKE SURE THAT IF THERE'S ANYTHING THAT THE SETTLING DEFENDANT WANTS TO ADDRESS THAT YOU HAVE AN OPPORTUNITY TO DO THAT.

IS THERE ANYTHING?

MS. BERTRAM: NO, YOUR HONOR.

THE COURT: ALL RIGHT. THIS MATTER WILL BE TAKEN UNDER SUBMISSION. I'M GOING TO LOOK AT IT FURTHER AND THEN THE COURT'S RULING WILL BE POSTED ON THE DOCKET.

THANK YOU.

MR. QUINN:   THANK YOU, YOUR HONOR.

MR. CAREY:   THANK YOU, YOUR HONOR.

*(AT 2:51 P.M., PROCEEDINGS WERE ADJOURNED.)*


-OOO-


CERTIFICATE

I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.


DATE:  DECEMBER 10, 2014


                         /S/DEBORAH D. PARKER
                    DEBORAH D. PARKER, OFFICIAL REPORTER