BRUCE ISAACS (Bar No. 100296)
Email: bruceisaacs@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 633-6808
Facsimile: (213) 633-6899

JAMES W. QUINN (*pro hac vice*)
Email: james.quinn@weil.com
YEHUDAH L. BUCHWEITZ (*pro hac vice*)
Email: yehudah.buchweitz@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendant
CBS INTERACTIVE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHCHAAROAH LIGHTBOURNE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRINTROOM, INC., PROFESSIONAL PHOTO STOREFRONTS, INC., BRAND AFFINITY TECHNOLOGIES, INC. and CBS INTERACTIVE, INC.,<br><br>Defendants. | NO. SACV13-00876 JLS (RNBX)<br><br>CBS INTERACTIVE INC.'S MEMORANDUM OF LAW AND DECLARATION OF YEHUDAH L. BUCHWEITZ IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO MODIFY BRIEFING AND HEARING SCHEDULE<br><br>Judge: Hon. Josephine L. Staton |

## I. INTRODUCTION[1]

Plaintiff's Ex Parte Application to Modify Briefing and Hearing Schedule ("Application" or "App.") has not, and cannot, establish the irreparable prejudice necessary to (1) extend Plaintiff's time to file a Reply in Support of Motion for Class Certification ("Class Certification Motion") almost a month, to July 2, 2015, or (2) consolidate and continue the hearings for the Class Certification Motion, CBS Interactive Inc.'s ("CBSI") Motion for Summary Judgment On All Claims ("Summary Judgment Motion"), and Motion for Leave and Special Motion to Strike Plaintiff's First Amended Complaint ("Motion to Strike") CBSI's (together "Dispositive Motions") to July 31, 2015.

Faced with CBSI's Memorandum of Law In Opposition to Plaintiff's Motion for Class Action Certification [Dkt. 167] ("the Opposition"), which demonstrates the incurable flaws in Plaintiff's Class Certification Motion, Plaintiff seeks to buy more time to respond. As set forth below, none of Plaintiff's pretextual reasons for an extension articulate any way in which he would suffer irreparable prejudice by being required to respond to motions that conform to the Local Rules on a schedule set by Plaintiff. Rather, if granted, the Application would deeply prejudice CBSI by forcing it to continue wasting resources litigating a case and conducting expensive discovery on a class-wide basis that CBSI respectfully submits should be disposed of in its entirety on the pending motions.

First, any failure of Plaintiff to adequately brief his own Class Certification Motion, based on whatever record he intended to rely on, is of his own making. In connection with his Class Certification Motion, Plaintiff submitted an expert report. Knowing this, Plaintiff cannot reasonably have believed that CBSI would not similarly support its Opposition with an expert report. Plaintiff's essential

---

[1] Exhibits to the Declaration of Yehudah L. Buchweitz ("Buchweitz Decl.") will be cited as "Ex. __."

complaint, in hindsight, is he regrets that the briefing schedule, which *Plaintiff himself chose*, did not have more time built into it for Plaintiff to prepare to take a deposition of CBSI's expert and better prepare reply papers. CBSI promptly made available to Plaintiff all of the materials its expert considered, and went above and beyond what the Federal Rules of Civil Procedure ("FRCP"), the Local Rules (together "the Rules"), or the parties' agreement requires by offering multiple dates and locations (including in California) for the deposition of its expert in advance of Plaintiff's deadline to file a reply. CBSI also offered to not oppose an extension of the deadline for Plaintiff's time to reply as long as it did not impact the hearing date. Plaintiff rejected all of these reasonable options in favor of this Application. *See* Exs. D, E.

Second, Plaintiff's request to consolidate the hearing on the Class Certification Motion with the Dispositive Motions is not warranted because the Motions address different issues. Plaintiff cannot and does not deny that CBSI has every right to file its Dispositive Motions now against Plaintiff's individual claims under FRCP 56, the Standing Order [Dkt. 85], and the Scheduling Order [Dkt. 132]. Neither Plaintiff's claimed inconvenience nor the "inefficiency" he alleges constitute good cause for modifying the hearing dates or demonstrate irreparable prejudice.

Plaintiff chose to bring this lawsuit against CBSI as a nationwide putative class action. As a result, CBSI has incurred enormous expense defending this case on a broad class-wide basis. Given the Court's clear focus on choice of law issues at prior proceedings, and the inexplicable absence of any argument whatsoever in Plaintiff's Class Certification Motion addressing this critical issue, Plaintiff appears to have attempted to "save" this central argument, and perhaps others, for reply. This is improper, and the epitome of a Plaintiff "creating the crisis that requires ex parte relief," which merits complete denial of the Application. CBSI is entitled to its day in court and to avoid the continued

prejudice of defending this costly litigation, brought by a single person whose own calculation of damages is $6.

For these reasons and the reasons set forth below, CBSI respectfully requests that the Application be denied.

## II. BACKGROUND

The Local Rules provide that a motion for class certification shall be filed "within 90 days after service of a pleading purporting to commence a class action." C.D. Cal. L.R. 23-3.[2] On November 26, 2014, the parties filed their Joint Rule 26(f) Report. Dkt. 130. Plaintiff requested April 17, 2015 as the deadline for his Class Certification Motion, while CBSI requested March 12, 2015, citing to Local Rule 23-3. *Id.* at 13. On December 8, 2014, the Court entered the Scheduling Order, adopting Plaintiff's requested deadline. The Scheduling Order provides that dates "will not be continued absent a showing of good cause" and that "[g]enerally, motions should be set for hearing on the Court's first available date." Dkt. 132.

On December 1, 2014, CBSI served Plaintiff with its initial disclosures pursuant to FRCP 26(a). *See* Ex. A. Therein, CBSI notified Plaintiff that to the extent it intended to designate an expert witness, it would do so in accordance with the requirements set forth in the FRCP. *See id.* at 3.

On March 30, 2015, Plaintiff filed an Ex Parte Application for Extension of Time to File Class Certification Motion ("March Extension Request"), which the Court granted, extending Plaintiff's deadline from April 17, 2015 to May 18, 2015. *See* Dkt. 153. Plaintiff filed his Class Certification Motion on May 18, 2015, and set a hearing date for June 19, 2015, the earliest available date under

---

[2]Plaintiff first sought and received an extension of his time to file his Class Certification Motion in June 2013. Dkt. 42. Following a now abandoned attempt at a proposed class action settlement with other defendants, Plaintiff filed his First Amended Complaint adding CBSI on April 9, 2014.

the Local Rules. Dkt. 156-1. Under Local Rule 7-9, CBSI's Opposition was due May 29, 2015, which CBSI timely filed. Plaintiff's reply is due June 5, 2015.

Plaintiff supported his Class Certification Motion with an expert report of Dr. Robert A. Bardwell. Plaintiff did not disclose Dr. Bardwell's identity until just before the Class Certification Motion and only when Plaintiff was obligated to notify CBSI that he would apply to seal CBSI's confidential information. Despite multiple requests, Plaintiff failed to promptly provide Dr. Bardwell's backup materials. After three days, Plaintiff produced to CBSI a single spreadsheet of data, along with a corrected report that eliminated most of the items Dr. Bardwell originally claimed to rely on. *See* Ex. B, p. 1-5.

On May 29, 2015 CBSI filed its Opposition, Summary Judgment Motion and Motion to Strike. In accordance with this Court's Standing Order [Dkt. 85], CBSI gave more than the minimum 28 days of notice under Local Rule 6-1 for the Dispositive Motions by setting the hearing date for July 10, 2015.

## III. ARGUMENT

### A. Plaintiff Has Not Demonstrated Irreparable Prejudice

This Court has a "strong interest in keeping scheduled dates certain[;] changes in dates are disfavored." Dkt. 85. "Ex parte applications are solely for extraordinary relief and should be used with discretion." *Id.* (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)).

A party seeking additional time to oppose a motion "must demonstrate that the additional time [it] seek[s] is warranted and that the requested extension is not a crisis of [its] own creating." *Yagman v. Whittlesey*, 2012 WL 5272275, *4 (C.D. Cal. 2012); *see also Mission Power*, 883 F. Supp. at 492. Merely having to oppose a motion within the timeframe provided by the Rules does not constitute "irreparable prejudice." *See Thomas Weisel Partners LLC v. BNP Paribas*, 2009 U.S. Dist. LEXIS 592, at *8 n.2 (N.D. Cal. Jan. 7, 2009) (rejecting ex parte

application where moving party "merely cited the requirement to meet their discovery obligations as the 'irreparable prejudice' meriting ex parte treatment").[3]

Plaintiff has not met his burden. Instead, it is clear that the Application is a stall tactic designed to prejudice CBSI and remedy Plaintiff counsel's own lack of diligence, inflexible schedule, and poor planning.

**B.  Both Parties Have Used Experts And CBSI Promptly Made Its Expert Available For Deposition And Provided Her Materials**

Plaintiff seeks modification of his time to reply based on a purported need for additional time to depose CBSI's expert in connection with the filing of his reply brief. *See* App. at 2. Specifically, Plaintiff argues that CBSI did not inform Plaintiff that it would be submitting an expert report in support of its Opposition, provide expert materials with its Opposition, or make the expert available for a deposition at a time and place of Plaintiff's choosing. These excuses do not justify the request for ex parte relief.

First, Plaintiff identifies no Federal Rule, Local Rule, or Court Order requiring CBSI's expert to be deposed before Plaintiff's reply deadline. Indeed, Local Rule 7-8, which Plaintiff has not even cited or relied upon, requires Plaintiff to seek Court approval to cross examine a declarant at a hearing, or in alternative, at a deposition to in advance of a hearing. Assuming Local Rule 7-8 applies here, Plaintiff failed to seek Court approval and the Application can be denied on this basis alone.

Second, despite being under no obligation to do so, CBSI promptly

---

[3] Further, pursuant to FRCP 16(b) and the Scheduling Order, the case schedule can be modified only "upon a showing of good cause" and only if the schedule "cannot be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b); Dkt. 132; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (denying request for modification of scheduling order because "good cause" did not exist where moving party was not diligent); *Zikovic v. S. Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (same).

responded to Plaintiff's request for deposition dates of CBSI's expert and offered June 2 (in Boston) or June 3 (in Boston or Los Angeles), giving Plaintiff ample opportunity to have one of his many counsel from multiple law firms take the deposition before the reply deadline. *See* Ex. C, p. 2-3; Ex. D, p. 2. CBSI extended the further courtesy of offering the deposition in California, despite the fact that the parties agreed in the Joint Rule 26(f) report that depositions would take place where the witness lives or works (in this case, Boston). *See* Dkt. 130; Ex. D, p. 2. Plaintiff's counsel rejected these offers. *See* Ex. C, p. 1; Ex. D, p. 1. Plaintiff's deliberate choice to forego deposing CBSI's expert before its reply deadline belies any claim that Plaintiff will suffer irreparable prejudice without an extension.[4]

Third, CBSI timely provided the materials relied upon by its expert less than 24 hours from the filing of CBSI's Opposition, and less than 12 hours from Plaintiff's request for those materials (in contrast to the several days it took Plaintiff's expert to turn over any materials considered, which he did only after retracting most of what he initially listed). *See* Ex. B; Ex. C, p. 1-2. Plaintiff's assertion that CBSI's disclosures of Prof. Tucker's backup data constituted "insufficient discovery to *fully* rebut her opinions" (App. at 2) (emphasis added) is a hollow and incorrect statement. CBSI provided everything Plaintiff would be entitled to under FRCP 26 and, tellingly, Plaintiff identifies no specific claimed discovery that is needed.

Fourth, while there is no Federal Rule, Local Rule or Court Order governing timing of expert disclosure in this circumstance, Plaintiff cannot

---

[4] If the Court were inclined, however, to allow Plaintiff to depose CBSI's expert before the June 19 hearing, consistent with Local Rule 7-8, CBSI can make Prof. Tucker available for deposition on one of the following additional days that she does not currently have other teaching or other professional obligations: June 13, 14, or 15 (in Boston for all dates or in Los Angeles for June 14 and, if absolutely necessary, for June 13) and, if needed, on June 7 (in Boston).

credibly claim surprise that CBSI used an expert, for multiple reasons. To begin, in its initial disclosures, CBSI stated that while it had "not yet designated an expert witness, [it] may do so in accordance with the requirements set forth in the Federal Rules of Civil Procedure." Ex. A, p. 3. Nothing in the FRCP requires earlier disclosure. Further, CBSI expressly reserved all of its rights in connection with Dr. Bardwell's report, obviously including the right to rely upon its own expert opinion in opposing class certification, including to respond to Dr. Bardwell's report, which Professor Tucker does. Ex. B. p. 5. In addition, Plaintiff himself did not disclose even the identity of his expert until just before the Class Certification Motion, and only because he was obligated to move to seal confidential information that Dr. Bardwell intended to rely on. *See supra* p. 4. Moreover, the fact that Plaintiff believes he is entitled to rebut Prof. Tucker's report belies any notion that Plaintiff did not reasonably anticipate CBSI would need to rebut Dr. Bardwell's report and the Class Certification Motion. Finally, exposing this expert issue as just a post hoc excuse, Plaintiff requested an extension of time to file his reply ***before*** CBSI filed its Opposition and expert report. *See* Ex. D, p. 4.

Of course, Plaintiff himself created the deadline about which he now complains. Plaintiff set the June 19 hearing date knowing that he was submitting an expert report, and further, given the nature of the issues on class certification, that CBSI was likely to submit a report as well. CBSI disclosed that it may rely on expert testimony in its Initial Disclosures; the Scheduling Order expressly provides that expert discovery does not close until September 25, 2015, [Dkt. 132], and no Court or other Rule required earlier disclosure of either party's class certification experts. CBSI's disclosures fully complied with all applicable Rules, is no genuine surprise to Plaintiff, and Plaintiff's strategic choices made in briefing his Class Certification Motion provide no basis for the requested relief.

### C. There Is No Basis To Consolidate And Continue The Hearings

Plaintiff's Application to consolidate the hearings of CBSI's Dispositive Motions with the Class Certification Motion, and to push each hearing to July 31, is baseless. The Motions are separate and do not justify extra time for Plaintiff's reply in support of his Class Certification Motion.

Under the Scheduling Order, the Standing Order, and FRCP 56, dispositive motions can be filed at any time before the discovery cut off. Early resolution of summary judgment here would protect the parties and Court from unnecessary and costly litigation. *See Saeger v. Pac. Life Ins. Co.*, 305 F. App'x 492, 493 (9th Cir. 2008). While resolution of the Class Certification Motion in favor of CBSI would be close to dispositive in this case, the Dispositive Motions raise further specific, separate grounds on which CBSI is entitled to judgment with respect to Plaintiff's individual complaint, which remains even if the Class Certification Motion is denied. Indeed, if CBSI is successful on the Class Certification Motion, and then on the Dispositive Motions, the case will come to a close and CBSI will be the prevailing party with attendant rights under applicable law. CBSI thus has a strong interest in having these issues adjudicated as soon as possible, especially given that discovery is ongoing.[5] Every day that CBSI's Dispositive Motions are not decided, CBSI is forced to continue engaging in costly and unnecessary discovery and is prejudiced.[6]

---

[5] CBSI's Summary Judgment Motion is based on admissions made by Plaintiff in his deposition. There is no need for any other discovery to resolve that motion. While Plaintiff has noticed multiple depositions of current and former CBSI employees and third parties, these would be moot if CBSI is successful on the Dispositive Motions.

[6] Additionally, any further delay in resolving the Class Certification Motion will prejudice CBSI and other holders of prepetition claims against defendant Brand Affinity Technologies, Inc. ("BAT") (including Defendant Professional Photo Storefronts, Inc., the holder of the largest individual claim against BAT). BAT is currently in the midst of a chapter 11 case in this District, which it stated was precipitated in large part by the commencement and prosecution of this lawsuit. Rejection of the Class Certification Motion will bring substantial clarity to BAT's

Plaintiff's vague assertions that consolidating and delaying the hearings will conserve resources and eliminate inefficiencies fall far short of demonstrating irreparable prejudice or "good cause" required to alter the schedule. *See* App. at 2.[7] On the contrary, the Application appears to be nothing more than Plaintiff's counsel's desire for more time than allowed under the applicable Rules, and such stall tactics should not be countenanced.[8]

## IV. CONCLUSION

Plaintiff has not provided a legitimate basis to delay resolution of this matter further, let alone come close to showing irreparable prejudice from meeting the Class Certification Motion schedule it set. For the foregoing reasons, CBSI respectfully requests that the Court deny Plaintiff's Application.

Date: June 2, 2015

| | |
|---|---|
| JAMES W. QUINN (*pro hac vice*)<br>YEHUDAH L. BUCHWEITZ (*pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 | */s/ Bruce Isaacs*<br>BRUCE ISAACS (Bar No. 100296)<br>Email:bruceisaacs@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>865 S. Figueroa Street, Suite 2400<br>Los Angeles, CA 90017<br>Telephone: (213) 633-6808<br>Facsimile: (213) 633-6899<br><br>Attorneys for Defendant CBS INTERACTIVE INC. |

---

creditor pool, which is overshadowed by Plaintiff's putative class claim. At this point, BAT has consummated sales of significant assets, and if class certification is denied promptly, BAT will be able to justifiably move to estimate Plaintiff's claim at or near $0, having the likely effect of freeing up sales proceeds for distributions to holders of prepetition claims, including CBSI.

[7] Plaintiff previously opposed CBSI's request to consolidate a December 5, 2014 hearing with a December 12, 2014 conference. *See* Dkt. 120. This Court denied CBSI's request, and vacated the December 12, 2014 conference. *See* Dkt. 132.

[8] While there is no cause to consolidate the scheduled hearings or adjourn the June 19 hearing, in order to maintain the June 19 Class Certification hearing and allow Plaintiff to focus on that hearing, CBSI would not object to adjourning the July 10 hearing on the Dispositive Motions to July 31.

CBSI'S OPP. TO EX PARTE APPLICATION TO MODIFY  No. SACV13-00876 JLS (RNBx)

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that I am an employee of the law firm of DAVIS WRIGHT TREMAINE LLP, and that on the date shown below, I caused service of a true and correct copy of the attached:

CBS INTERACTIVE INC.'S MEMORANDUM OF LAW AND DECLARATION OF YEHUDAH L. BUCHWEITZ IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO MODIFY BRIEFING AND HEARING SCHEDULE

to be completed by:

_____ personally delivering

_____ delivery via Nationwide Legal Services

_____ sending via Federal Express or other overnight delivery service

_____ depositing for mailing in the U.S. mail with sufficient postage affixed thereto

_____ delivery via email

__X__ electronic filing, and thereby delivery via e-mail to:

Robert A. Carey, Esq.
Leonard W. Aragon, Esq.
Rachel E. Freeman, Esq.
Steve Berman, Esq.
Elaine T. Byszewski, Esq.
Hagens Berman Sobol Shapiro LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
rob@hbsslaw.com
leonard@hbsslaw.com
rachelf@hbsslaw.com
steve@hbsslaw.com
Elaine@hbsslaw.com
(Attorneys for Plaintiff Yahchaaroah Lightbourne)

Stuart M. Paynter, Esq.
Celeste H.G. Boyd, Esq.
The Paynter Law Firm PLLC
1200 G. Street N.W., Suite 800
Washington, DC 20005
stuart@paynterlawfirm.com
cboyd@paynterlawfirm.com
(Attorneys for Plaintiff Yahchaaroah Lightbourne)

Christy L. Bertram, Esq.
Johnson & Bertram LLP
1 Park Plaza, Suite 600
Irvine, CA 92614
cbertram@johnsonbertram.com
(Attorney for Defendant Brand Affinity Technologies, Inc.)

William S. Sowders. Esq.
Gust Rosenfeld PLC
One East Washington, Suite 1600
Phoenix, Arizona 85004
wsowders@gustlaw.com
(Attorneys for Plaintiff Yahchaaroah Lightbourne)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 26932130v1 0102997-000001

| | | |
|---|---|---|
| 1 | | |
| 2 | Professional Photo Storefronts, Inc.<br>c/o Carlton X. Osborne | Printroom, Inc.<br>c/o Carlton X. Osborne |
| 3 | 2520 Mission College Blvd., Suite 102<br>Santa Clara, CA  95054 | 2520 Mission College Blvd., Suite 102<br>Santa Clara, CA  95054 |
| 4 | Carlton.x.osborne@gmail.com<br>**VIA COURTESY EMAIL** | Carlton.x.osborne@gmail.com<br>**VIA COURTESY EMAIL** |
| 5 | | |
| 6 | Dated:  June 2, 2015 | /s/Lina Pearmain<br>Lina Pearmain |

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 26932130v1 0102997-000001